GLASGOW (HOTCHKISS v.). See Case No. 6,717.

GLASS (LESLIE v.). See Case No. 8,275.

## Case No. 5,477.

### GLASSELL'S ADM'R v. WILSON'S ADM'R.

[4 Wash. C. C. 59.] [2]

Circuit Court, D. Pennsylvania. April Term, 1821.

VENDITIONI EXPONAS—MOTION TO SET ASIDE SALE BY STRANGER TO THE SUIT—SUIT BY FOREIGN ADMINISTRATOR.

1. Motion to set aside a sale of land, which had been sold under process of execution out of this court. The motion was made on behalf of persons not parties to the suit, claiming title to the land adverse to that of the defendant in the execution. By the Court: The claimant of the land sold under a venditioni exponas can in no way become a party to, or connect himself with,

[1] [Reprinted by permission.]
[2] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the Supervision of Richard Peters, Jr., Esq.]

this case. If he has a title to the land, he will not be prejudiced by the sale, and he may assert his right in a proper suit to maintain it.
[Cited in Hitchcock v. Roney, 17 Ill. 233.]

2. By the practice in Pennsylvania, an administrator acting under letters of administration granted in another state. may institute a suit in this state without taking out letters of administration here.
[Cited in The Boston, Case No. 1,669.]
[See Allen v. Philadelphia Sav. Fund Soc., Id. 234.]

Rule to show cause why the levy and sale of the land under a venditioni exponas should not be set aside. Suit was brought by Glassell against James Wilson in 1797, and judgment was entered in 1798; soon after which, Wilson died, and administration on his estate was granted to Bird Wilson. In 1819 Glassell died, and a scire facias, to revive the judgment, was sued out in the name of Mr. Swan, a citizen of Maryland, his administrator. The scire facias issued against Petit, as administrator de bonis non of James Wilson, who confessed judgment in November, 1819, and a. fieri facias issued, which was executed on certain lands, which were sold under a venditioni exponas.

Rawle. and Tilghman (who admitted that they appeared on their own behalf, the land levied on belonging to them, and not as counsel for defendant) assigned as reasons in support of the rule: (1) That the levy was made on land which, they could prove if allowed, belonged to them, and not to Mr. Wilson's estate; and (2) that it did not appear that the plaintiff had taken out letters of administration in this state; consequently that he could not be a proper party to revive the judgment. [Fenwick v. Sears' Adm'rs] 1 Cranch [5 U. S.] 259.

Edward Ingersoll, against the rule, objected: (1) That the administrator of Wilson not objecting to the. judgment and execution, a mere stranger to the suit can not; (2) that the law of this state does not require that letters of administration should have been granted to the plaintiff in this state. 1 Bin. 63; 3 Mass. 515.

WASHINGTON, Circuit Justice. It is not sufficient to point out errors in these proceedings, unless it is done by a person who can introduce himself regularly into the case as a party authorised to question their regularity. Now in this case, the counsel who obtained this rule do not appear for Mr. Bird Wilson, or for the purchasers at the sale, but they claim title in themselves to the land which was levied on and sold. At present, however, they appear before the court as entire strangers to this transaction, and can in no other way connect themselves with it but by showing their title to the land. and that it is better than that of Mr. Wilson. But is this an inquiry proper for the court to enter upon under this rule? Is it competent to this court to decide such a question? We think not. In cases like the present, or

where they are complicated, and particularly if there be contradictory evidence, we should think it most proper to leave the parties to contest their rights in a more regular course of proceeding, on the law or equity side of the court.

As to the case of Fenwick v. Sears' Adm'rs, 1 Cranch (5 U. S.) 259, it proceeded entirely upon the law of Maryland, which required administration to be taken out in that state, and that law was adopted by congress as the law of that part of the District of Columbia which was within the county of Washington. We find by the case from 1 Bin. 163, that the laws of Pennsylvania do not require a person who has obtained letters of administration in another state to obtain them also in this state, and we sit here to administer the laws of the United States, and of this state so far as they are adopted by the laws of the United States. Rule discharged.