## MYERS *against* KELSEY.

BY virtue of a *fieri facias* issued on a judgment entered
up by the President and Directors of the *Manhattan Com-
pany* against *K.*, the defendant, on the 20th *October*, 1817,
the sheriff of the county of *Dutchess* advertised and sold a
house and lot belonging to the defendant, in *Poughkeepsie,*
at public auction, on the 25th of *November*, 1819.   *Peter
Flaglee* became the purchaser thereof, at such sale ; and a
deed was executed by the sheriff to him, in the usual form.
A *fieri facias* in debt on *scire facias* against the defendant,
at the suit of *M.*, the plaintiff, was delivered to the sheriff
of *Dutchess*, in *May* last, returnable on the first day of this
term, by which the sheriff was directed, in case sufficient
goods and chattels of the defendant could not be found in
his bailiwick, to cause the debt, &c. to be made of the lands
and tenements whereof the defendant was seised on the
28th of *November*, 1809, or at any time afterwards, &c.
By virtue of the last mentioned execution, the sheriff again

*Where a sheriff sold a house and lot belonging to the defendant, under a judgment and an execution against him, and executed a deed to the purchaser; and afterwards, seized and sold the same house and lot, on another execution, issued on a prior judgment against the defendant, and advertised the same for sale, the Court refused to stay proceedings, on the application of the purchaser under the execution first issued, but left him to seek his remedy by action.*

ALBANY,
August, 1821.

JACKSON
v.
SKEELS.

levied on the same house and lot before sold by him to *P. F.* under the former execution, and advertised the same for sale. *F.*, in his affidavit, alleged that no *scire facias* to revive the last mentioned judgment was issued, until the 23d day of *October*, 1820, and that the judgment on such *scire facias* was not perfected until the last *May* term.

*Oakley*, in behalf of *P. F.*, the purchaser under the first mentioned execution, now moved that all further proceedings under the last mentioned execution be stayed.

*J. Tallmadge*, contra.

*Per Curiam.* We do not think proper to decide on the rights of these parties, in this summary way ; but *F.*, the purchaser under the execution in favour of the *Manhattan Company*, must be left to his remedy by action.

                                                Motion denied.