## LASSELLE *v.* MOORE.

If an execution improvidently issue,—for example, a fi. fa. without a judgment, or while the defendant's real estate is held by a venditioni exponas, —it will be set aside on motion at law, due notice of the motion having been given. But a Court of chancery will not interfere, except to stay the proceedings, when necessary, until the motion can be heard.

THIS was a suit in equity, transferred from the *Knox* Circuit Court previously to a decree, in consequence of the interest of the circuit judge. The proceedings against the complainant, on an execution mentioned in the bill, had been enjoined by the Court below, until the hearing of the cause.

SCOTT, J.—*Lasselle* complains in his bill, that an execution was issued against him and another, in favour of *Moore*, without any judgment to authorize it; and that, after the real estate of one of the defendants had been offered for sale on a venditioni exponas, and the sheriff had returned that the property was not sold for want of bidders, a fi. fa. was sued out and levied on the personal estate of the other defendant.

This is a case properly relievable in a Court of law, by notice and motion to set aside the execution (1). If an execution be issued without a judgment,—or if, while the real estate of the defendants or either of them is held by a venditioni exponas, the plaintiff take out a fi. fa. and levy or be about to levy on other property,—the Circuit Court will set aside such illegal execution on motion.

Should an execution, improvidently issued, press the defendant so closely, that he cannot give ten days' notice, and have it set aside on motion in a Court of law, he may, by application to the Chancellor, have an injunction, or an order to stay proceedings, till he can be heard. But, except for the purpose of staying proceedings till application can be made to a Court of law, a Court of chancery has nothing to do with it.

*Per Curiam.*—The injunction is dissolved, and the bill dismissed, with costs.

*Tabbs*, for the complainant.

(1) Vide *Cline* v. *Green*, ante, p. 53.—*Hedges* v. *Gray*, *May* term, 1829, post.