Nov. Term, 1843.

MILLER v. ASHTON.

---

### MILLER and Another *v.* ASHTON and Another.

Debt on a delivery-bond. Plea, that the bond was without consideration in this: That, on, &c., a *fi. fa.* issued on a judgment in favour of the plaintiff against *A.*, one of the defendants, and was, by *A.'s* consent, levied on certain land (here described,) which was appraised under the statute of 1841, and which was more than sufficient, if sold at half its appraised value, to pay said judgment and all costs; that the sheriff, without selling the land or disposing of the levy, levied said execution on the goods named in the delivery-bond, and was about to sell the same without first selling the land; whereupon the defendants, to prevent the sale, gave the bond. *Held*, that the plea was valid.

ERROR to the *La Porte* Circuit Court.—The plea in this case shows, that the levy on the real estate and the appraisement were made in 1841, when such estate could not be sold on execution for less than one-half of its appraised value.

*Thursday, January 4, 1844.*

SULLIVAN, J.—Debt by *Ashton* and *Teall* against *Miller* and *Miller* on a delivery-bond. Plea, that the bond was given without any good or valuable consideration in this, to wit, that on, &c., a *fieri facias* was issued from the *La Porte* Circuit Court on a judgment in favour of *Ashton* and *Teall* against *S. Miller*, one of the plaintiffs in error, which, by the consent of *Miller*, was levied on certain tracts of land described in the plea, which were appraised according to the statute, and which were more than sufficient, if sold at one-half of their appraised value, to pay the judgment on which said execution issued and all costs; that the sheriff, without selling said lands, or in any wise disposing of said levy, did, afterwards, to wit, on, &c., seize and take in execution, by virtue of said writ, the goods and chattels named in the condition of said bond, and was about proceeding to sell the same without first selling said lands, &c.; wherefore the de-

Nov. Term, fendants, to prevent the sale, executed said bond, &c. De-
1843.    murrer to the plea, and demurrer sustained. The damages

MILLER   were thereupon, by consent of parties, assessed by the Court,
v.       and judgment rendered for the plaintiffs.
ASHTON.

The defence set up in the plea was sufficient to bar the action. In *Lasselle* v. *Moore*, 1 Blackf. 226, it was decided, that, where the real estate of a defendant was held by a *venditioni exponas*, the plaintiff could not take out an execution of *fieri facias* and levy on other property ; and that if he did so, the Court would set aside such execution as illegal. In the subsequent case of *M'Intosh et al.* v. *Chew et al.* Id. 289, the Court say, that goods or *lands* taken in execution must be considered as a satisfaction of the judgment-debt, and may be pleaded in bar of any other action against the same defendant for the same demand, until their insufficiency is made manifest by a sale and return.

If a levy on land sufficient to pay a judgment be, until it is legally disposed of, a satisfaction of the judgment, it follows that another levy by virtue of the same writ, after a levy sufficient to pay the debt has been made, is illegal until the first levy is disposed of, and would for that reason be set aside on motion.

According to the second section of the act subjecting real and personal estate to execution, R. S. 1838, p. 276, whenever an execution shall issue against the goods and chattels, lands and tenements, of any defendant, it is made the duty of the sheriff to levy such execution upon such part of the defendant's estate as he may direct, provided there be no doubt as to the defendant's title to the property so selected. Whatever the object of that statute may be, it would undoubtedly defeat it, if a sheriff may at his pleasure abandon a levy made according to the direction of the defendant, and levy upon other property against his consent.

We are of opinion, therefore, that from the previous decisions of this Court, as well as from a fair construction of the statute, the seizure of the goods of *S. Miller* by the sheriff was, under the circumstances, an illegal act ; that it gave him no right to the goods ; and that the bond for the delivery of the property cannot be enforced.

*Per Curiam.* — The judgment is reversed with costs. <span style="float:right">Nov. Term, 1843.</span>
Cause remanded, &c.

*J. H. Bradley* and *J. A. Liston*, for the plaintiffs. <span style="float:right">ADDLEMAN</span>
*A. L. Osborn*, for the defendants. <span style="float:right">v.<br>MORMON.</span>