STOCKWELL and Another *v.* WALKER and Others.

Where land is about to be sold upon execution on a judgment which has ceased by lapse of time to be a lien thereon, the proper proceeding to prevent the sale is by motion on the law side of the Court to have the levy set aside.

*Monday,*
*May 31.*

APPEAL from the *Tippecânoe* Circuit Court.

SMITH, J.—Bill of complaint filed by the appellants on the 21st of *February*, 1850. The facts stated by the bill are as follows:

On the 22d of *August*, 1839, one *Keirle*, who is since deceased, recovered a judgment against *David Patton* for 886 dollars and 86 cents, and on the 18th of *November*, 1839, *Elias L. Beard* entered himself replevin-bail for its payment. In *March*, 1845, *John Walker*, as administrator of *Keirle*, obtained a judgment of revivor against *Patton* alone, without impleading *Beard*. Afterwards, the said administrator sued out a *scire facias* upon said judgment against *Patton* and *Beard* jointly, and in *October*, 1849, obtained a judgment of revivor against them both. No defense was made to either of these proceedings by *scire facias*, but the judgments of revivor were obtained with the consent of *Patton* and *Beard*. An execution was issued on the last-named judgment of revivor, and was levied on lot No. 52, in the town of *Lafayette*, as the property of *Beard*.

On the 20th of *September*, 1844, *Beard* mortgaged the lot above named to one *Steinberger* to secure the payment of 10,000 dollars. On the 9th of *October*, 1844, *Beard* made a second mortgage of the same property to *Steinberger* to secure a further debt of 5,000 dollars. This last mortgage also embraced another lot in the same town.

On the 8th of *November*, 1845, certain persons, assignees of *Steinberger*, filed a bill to foreclose said mortgages. A decree of foreclosure was rendered in *November*, 1847, and on the 15th of *April*, 1848, the appellants became the purchasers of all the property so mortgaged for the sum

of 5,500 dollars, at a sheriff's sale made pursuant to the <span>May Term, 1852.</span>
decree.

The present bill is filed against *Walker* as administrator of *Keirle, Patton, Beard*, and the sheriff, and prays for a decree to restrain the defendants from proceeding to sell said property under the execution upon the judgment of revivor, and to free the property from all incumbrances arising from said judgments.

The defendants filed a demurrer, which the Court sustained, and the bill was dismissed.

We think the demurrer was correctly sustained, because the bill presents no ground for chancery jurisdiction. If the lapse of time had removed the lien of the judgments, and that is the only ground upon which relief could be afforded, the proper proceeding was a motion on the law side' of the Court, to have the levy set aside, if a sale under it would prejudice the complainants. *Lasselle* v. *Moore*, 1 Blackf. 226.

*Per Curiam.*—The decree is affirmed, with costs.

*J. Pettit* and *S. A. Huff*, for the appellants.

*D. Mace* and *R. C. Gregory*, for the appellees.