ALBON H. HITCHCOCK, on motion to quash execution in the case of THE PEOPLE *v.* BENJAMIN E. RONEY.

#### ERROR TO PIKE.

The lien, created by the criminal code, upon the real and personal property of convicts, takes effect from and during the entire day on which the arrest is made or the indictment found.
A change of venue will not affect any change in the operation of this lien; which is not limited to the county in which the judgment is rendered.
A stranger to the record and proceedings in such a case cannot interfere, by motion, to quash a levy, sale and execution, had at the instance of the people.

AT the September term of Pike Circuit Court, 1855, Hitchcock, the owner of certain real estate in Beardstown, Cass county, Illinois, levied upon and sold under an execution issued from the Pike Circuit Court, in the case of People *vs.* Roney, entered a motion and filed his reasons to set aside the levy and sale in said real estate, and quash the execution therein.

The motion was continued for the purpose of notice to Lewis F. Saunders, the purchaser under said execution.

At November special term of said court, 1855, Saunders, the purchaser, having been notified of said motion, appeared by his attorney, and the People appeared by the State's attorney. The motion was heard, overruled, and judgment entered against said Hitchcock for costs.

Bill of exceptions taken. Execution, dated 2nd May, 1855, was issued from Circuit Court to sheriff of Cass, in suit of Peo-

ple *vs*. Benj. E. Roney, for the sum of $290.75, costs rendered against said Roney at March term, 1855, of Pike Circuit Court.

This execution was received by sheriff of Cass county, 9th May, 1855, at 11 o'clock, P. M., and on 25th day of May, 1855, was levied on lot 3, in block 32, in Beardstown, Cass county, and on 23rd June, 1855, said real estate was sold to Lewis F. Saunders, for $319.45.

Also, a deed, with covenant of warranty and seizin, consideration $1,500 for said premises and two other lots, executed by Benjamin J. Roney to Murray McConnel, dated 13th day of May, 1853, and recorded in Cass county, on 14th May, 1853.

Also, a deed, with covenant of warranty, executed by Murray McConnel to A. H. Hitchcock, consideration $850, for above premises, dated 21st May, 1855, and recorded in Cass county, on 22nd May, 1853.

It was also admitted by said Hitchcock, on hearing of said motion, that Benj. E. Roney was indicted in Cass Circuit Court, on 13th May, 1855, and that the venue therein was changed to Pike county, where, at March term of Circuit Court of said county, 1855, said Roney was convicted and sentenced.

Error assigned is overruling of said motion.

Hitchcock, who represented himself as a purchaser, by mesne conveyances from said Roney, of said lot three, offered the following reasons, by his motion, for quashing the fee bill issued at the instance of the People against Roney: 1. Because the fee bill and execution were illegal and void, as containing sundry illegal costs. 2. Because Pike court had no power to issue them to Cass county. 3. Because the levy, by sheriff of Cass county, was illegal and void. 4. Because said judgment and levy and sale were not liens. 5. Because no certificate of levy was filed of record or recorded. The motion to quash was denied by WALKER, Judge, of the Pike Circuit Court, at November term, 1855.

M. McCONNEL and J. GRIMSHAW, for Hitchcock.

M. HAY, *Contra*.

SCATES, C. J. "The property, real and personal, of every person who shall be convicted of any of the offences punished by this chapter, shall be bound, and a lien is hereby created on the property, both real and personal, of every such offender, from the time of his or her arrest, if he or she be arrested before indictment; if not, then from the time of finding the indictment, at least so far as will be sufficient to pay the fine and costs of prosecution." At the end of each term, the clerk shall issue

executions for all fines and costs so adjudged, and note the day of the arrest or indictment, and the sheriff shall levy on all such real and personal property of defendant, which he " possessed as his or her own real or personal estate, on the day mentioned in such execution," and advertise and sell as in civil cases. Rev. Stat. 186, Sec. 192.

*De minimis non curat lex,* would, upon general principles, include the whole day. And here the lien is expressly made to operate upon all the estate owned on that day. We must allow the arrest, or the finding of an indictment, to create and operate as a lien, on that day and the whole of it, or else we cannot give it any operation, without violating its plain language and obvious intent. I shall not discuss the power of the legislature to create liens for liabilities, nor the power or policy of giving preferences to public interests.

This is another instance of a semi-secret lien, as mentioned in *Mc Clure* v. *Engelhardt,* (*ante,* p. 47,) which has not been required to be recorded for purposes of notice.

I conceive the change of venue cannot effect any change in the operation of this lien. It can make no difference whether the judgment of fine, or for costs, is rendered in the county where the land lies, or a foreign county, as to this lien ; for it is not the judgment which is declared to be a lien, but the *arrest* or *indictment* so operates, for the satisfaction of the judgment of fine or costs which may follow the conviction. This lien, therefore, does not arise under the general statute, making judgments liens from the last day of the term.

Hitchcock is a stranger to the record and proceedings, and has no right to interpose a motion to quash the levy, sale and execution. As a purchaser of the same land, he has his remedies to investigate the question of title, and they are not impaired by this proceeding, to which he is not a party.

In *Price* v. *The Shelby Circuit Court,* Hardin R. 254, the court held that they were not bound to hear a motion in a summary way, at the instance of a stranger, although his interest might be affected by the execution sale.

So in *Glassell's Administrator* v. *Wilson's Administrator,* 4 Wash. C. C. R. 59, the court refused to interpose at the instance of third persons, who claimed the land levied on and sold ; and this rule was again applied in *Wallop's Administrator* v. *Scarburgh et al.,* 5 Gratt. R. 1.

More especially will this summary remedy be denied, when it is inappropriate, and incapable of affording as complete relief as suit or bill.

This reason constituted in part the ground of refusing a motion, in *Day et al.* v. *Graham,* 1 Gil. R. 435, as the rights and equi-

ties of third persons, purchasers, could not be inquired into and protected by terms on setting aside the sale. No objection was taken to judgment creditors of the same debtor, as strangers, in that case, whose judgments were entitled to satisfaction out of the same property. Indeed such creditors were expressly relieved, and on motion, from a fraudulent sale, in *Goff* v. *Jones*, 6 Wend. R. 522.

The court refused this summary remedy, to the purchasers themselves, in *Hewson* v. *Deygert*, 8 John. R. 333. But the court did interpose in *Davis* v. *Tiffany*, 1 Hill R. 642, at the instance of a purchaser of the land, without notice of the judgment. There is no other fact noted to point us to, or explain the ground of this ruling. We have no doubt it was proper in the case, but is an unsafe precedent, without facts for our guidance.

Judgment of the court, denying the motion, is approved.

*Judgment affirmed.*