PETITION OF JOHN L. ROSS *et al.* in *Houghton & Allton* v. *Whipple.*

A. sues W. in the state court, serving the writ by attachment, on May 8. June 26, a petition in bankruptcy is filed against W. Before adjudication, A. obtains final judgment in the state court, and advertises the attached property for sale on execution. Thereupon, creditors of W., other than A., apply by petition to the state court for a stay of proceedings under the execution pending the proceedings in bankruptcy : —

*Held*, that the petition was ancillary to the bankruptcy proceedings, and should have been presented in the bankruptcy court.

*Held*, further, that, if the petitioning creditors wished to proceed in the state court, they must proceed by independent suit, not by petition in a cause to which they were neither parties of record nor in interest.

Bankruptcy proceedings are paramount to legal proceedings before state courts. *Chapin* v. *James, ante*, p. 86, explained.

MOTION to stay execution.

A. Houghton and C. J. Allton, copartners, as Houghton & Allton, brought an action against F. W. Whipple, May 8, 1876, in the Court of Common Pleas, Providence County, the writ being served by attachment on that day. Final judgment against Whipple was rendered on appeal in this court, at its October Term, 1876, and execution issued and was levied on the attached property, which the sheriff advertised for sale, to be sold February 5, 1877.

June 26, 1876, a petition in bankruptcy against said Whipple was filed in the United States District Court for the Rhode Island District. February 3, 1877, he was adjudicated a bankrupt.

January 26, 1877, John L. Ross and other creditors of Whipple filed their petition in this court, in the case of *Houghton & Allton* v. *Whipple*, asking that the execution already issued in favor of Houghton & Allton might be stayed pending the proceedings in bankruptcy.

*February* 3, 1877. DURFEE, C. J. This petition, though preferred in this court, is ancillary to a petition in bankruptcy pending in the United States District Court. It would seem to be the more correct, in point of practice, to bring the principal and ancillary petitions both in the same court. The bankruptcy court knows better than we the requirements of its proceeding, and is, therefore, better qualified to judge to what extent the ancillary proceeding should be carried. We understand the petitioners came to this court because they supposed a resort to this court was required by the decision in *Chapin* v. *James*, ante, p. 86. In *Chapin* v. *James*, the attempt was made to get the state court to interfere with the execution of the process of the United States court, in a matter in which both courts have concurrent jurisdiction. That is not this case. A proceeding in bankruptcy is, so to speak, a privileged proceeding. It is paramount to the legal proceedings of the state courts, and, therefore, the court having jurisdiction of the bankruptcy proceeding may, when necessary, very properly protect it against the action of the state courts. We speak of this, however, merely as our opinion of the better practice. We do not mean to say that our jurisdiction is excluded; but if the petitioners wish to proceed in this court, we think the form of proceeding should be changed. They come

here by simple motion or petition in an action at law, in which they are not only not parties to the record, but in which also they have no interest or standing whatever; and they ask us to stay an execution which has been already issued and partly served, and that, too, for the protection of a proceeding pending, not in this court but in another tribunal. We think that, under these circumstances, if they wish to proceed here, they should proceed by some independent suit which can be litigated in due form. And see *Price* v. *The Shelby Circuit Court*, Hard. 254; *Hitchcock, on motion*, v. *Roney*, 17 Ill. 231; *Glassell's Adm'r* v. *Wilson's Adm'r*, 4 Wash. C. C. 59; *Myers* v. *Kelsey*, 19 Johns. Rep. 197.

POTTER, J. Concurring with the majority in the opinion that the application should in this case be made to the United States court in bankruptcy, I cannot concur in the opinion expressed or strongly implied that no one but a party to the record has a right to be heard in a suit at law.

If the judgment in a suit, *e. g.* in ejectment, affects the interest of one not a party to the record, he certainly ought to be permitted to show it by motion or otherwise.

The court from the earliest times have been gradually simplyfying the forms of proceeding. While the rules which regulate the acquisition of property, &c., ought not to be altered except by the legislature, the same reason does not apply to rules and forms of procedure. And so we find that many things which were formerly obliged to be done by the old tedious processes of *audita querela*, or some form of petition, are now allowed to be done by the more simple form of motion.

In the present case, if there was no relief in bankruptcy the petitioner might probably have relief by a bill in equity in the state court. But there is no reason why he should be driven to that cumbrous process, unless it appears to the court that there are facts in dispute which may be better investigated in that form of proceeding.

And if the precedent cannot be found for it, the court should make one. *Petition dismissed.*

*James Tillinghast & Charles Bradley*, for petitioners.
*Thurston, Ripley & Co.*, contra.