8427.

## NEFF *v.* HAGAMAN.

SHERIFF'S SALE.—*Execution.—Levy.—Judgment.—Lien.—Deed.—Notice.—*A joint judgment was rendered against H. and others, upon which an execution was issued and levied upon lands of one of the other defendants, which was subject to the prior lien of an older judgment, but of value much exceeding both judgments. This land was sold to satisfy the senior judgment, and the sheriff having returned that fact upon the execution on the junior judgment, and an *alias* issuing, he levied it upon the lands of H., which he sold upon it to the plaintiff, who, in due time, obtained a sheriff's deed.

*Held,* that the levy of the first execution was, until legally disposed of, a satisfaction of the judgment.

*Held,* also, that the mere sale to satisfy the older lien did not, in view of the right to redeem therefrom, given by statute, divest the junior lien, and was not such a disposition of the property as warranted the levy on the lands of H.

*Held,* also, that the purchaser, being the plaintiff, was charged with notice of the irregularity, and took nothing by his purchase and deed.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.

*W. I. Baker* and *L. Shaw,* for appellee.

NEWCOMB, C.—The appellee was the plaintiff below. His complaint was in two paragraphs. The first was in the ordinary form for the recovery of real estate and damages for its detention. The second was to avoid and set aside a sheriff's sale of the same real estate, had on an execution to which the appellee and others were defendants. The appellant answered the complaint by a general denial, and filed a counter-claim asserting title in himself, and praying that his title might be quieted. Issue on the counter-claim by a denial. The cause was tried by the court, and, at the request of the defendant, a special finding of facts and conclusions of law was made. The findings both of fact and law were for the plaintiff below, and the defendant excepted to the conclusions of law.

The facts found were, that the appellant recovered a judgment in the Greene Circuit Court, against Peter Hagaman, Nancy Hagaman, and the appellee, James E. Hagaman, on October 25th, 1876, for $411.10 and costs. That the appellee and said Nancy were sureties for Peter Hagaman in the debt for which said judgment was recovered, but no issue or finding of suretyship was made in said judgment. That on the 27th day of April, 1877, an execution was issued on said judgment to the sheriff of Greene county, and on April 30th, 1877, said sheriff levied said execution on a tract of land in Greene county belonging to said Peter Hagaman, of the value of $3,500. That said land was then incumbered by a prior

judgment in favor of Richard J. McKinney *et al.*, and against Michael C. Cade, John Hagaman, William J. Beem and said Peter Hagaman, which was rendered on the 14th day of June, 1876, in said Greene Circuit Court. That on the 27th day of December, 1876, an execution was issued on this judgment to said sheriff, and levied April 30th, 1877, on the same land of Peter Hagaman upon which appellant's execution was levied; and on June 27th, 1877, said land remaining unsold, the sheriff returned said McKinney execution; and on July 5th, 1877, an *alias* execution was issued on said McKinney judgment, reciting the former writ, levy and failure to sell. On this *alias* execution said sheriff advertised and sold said lands on August 18th, 1877, to said McKinney, for the sum of $342.65, which sum was applied on an execution in favor of one Darling Fuller, and against said Peter Hagaman, which was issued upon a judgment rendered prior to said judgment in favor of McKinney *et al.* Said sheriff issued to said McKinney a certificate of purchase, and on August 17th, 1878, said land was redeemed from said sale.

That said execution issued on appellant's judgment remained in the hands of said sheriff until October 24th, 1877, when it was returned, and that the lands of Peter Hagaman so levied upon were never advertised or sold on said execution of said appellant; and said sheriff, without making any disposition of said levy on said lands of Peter Hagaman, except reciting the fact that they had been sold on said execution issued on said McKinney judgment, proceeded on the 2d day of October, 1877, to levy said execution so issued on appellant's judgment on the lands of the appellee, described in his complaint; and, on October 25th, 1877, an *alias* execution was issued on said judgment of appellant, reciting therein only the last levy aforesaid on the lands of the appellee, and omitting therefrom the first levy on said lands of Peter Hagaman; that said sheriff, by virtue of said *alias* execution, advertised, and on December 22d, 1877, sold, said lands of appellee to the appellant for $100; and, at the expiration of

one year thereafter, said lands, not having been redeemed, said sheriff executed to appellant a deed therefor; and that appellant claims title to and possession of said lands by virtue of said sheriff's deed; that said lands of appellee so sold to appellant were worth $2,500, and that the lands of Peter Hagaman, first levied upon, were worth $3,500, and that all the incumbrances against the latter did not exceed $1,500. No personal property was found to satisfy either of said executions.

From these facts the court found the following conclusions of law:

1. That the levy of the execution of Alexander Neff on the land of Peter Hagaman, on April 30th, 1877, operated as a satisfaction thereof so long as said levy remained undisposed of by sale, or in some other legal manner;

2. That the sale of said Peter Hagaman's land on the McKinney execution did not divest the lien of the defendant's judgment and execution thereon, nor divest nor dispose of defendant's levy on said land, but that the same still remained subject to sale on said defendant's execution, and it was the duty of the sheriff, before levying on other property, to first sell the lands of Peter Hagaman so first levied upon;

3. That the levy of the defendant's execution on the land of the plaintiff, and the sale to the defendant thereunder, on December 22d, 1877, were null and void, by reason of the failure to first dispose of the prior levy on the land of said Peter Hagaman;

4. That the plaintiff was entitled to the possession of the lands in controversy, and to damages in the sum of $209.

Judgment was rendered for the appellee, pursuant to said findings.

The error assigned is, that the court erred in its conclusions of law.

The law has been settled for nearly sixty years in this State, that a levy upon lands or goods of sufficient value to pay the judgment upon which the execution issued raises the

presumption that the judgment is satisfied, and another levy and sale can not be made until the first levy has been legally disposed of. *Lasselle* v. *Moore*, 1 Blackf. 226 ; *McIntosh* v. *Chew*, 1 Blackf. 289 ; *Miller* v. *Ashton*, 7 Blackf. 29 ; *Barret* v. *Thompson*, 5 Ind. 457 ; *Doe* v. *Dutton*, 2 Ind. 309 ; *Law* v. *Smith*, 4 Ind. 56 ; *Lindley* v. *Kelley*, 42 Ind. 294 ; *McCabe* v. *Goodwine*, 65 Ind. 288.

The appellant concedes that this is the general rule, but urges that it is not applicable to the case at bar, for two reasons :

1. That the sheriff, having the appellant's execution in his hands when he sold the Peter Hagaman land on the McKinney execution, virtually sold on both executions, and therefore the levy of appellant's execution on said land was exhausted by such sale ;

2. That the sheriff, after the sale on the McKinney execution, and by the return of such fact as a reason for not selling said property on appellant's execution, abandoned said levy ; and that the same was rightfully abandoned, because no title was left in Peter Hagaman that could be the subject of sale.

In support of his first proposition, the appellant quotes the following portion of sec. 196 of Freeman on Executions :

"If a sheriff have two or more writs in his hands, it is his duty to apply the proceeds to the writ having the elder lien. He may, however, levy and sell under the junior writ. If he does so, the purchaser acquires title to the property sold, free from the lien of all the other writs. In such an event, the plaintiff, under whose junior writ the levy and sale were made, is not entitled to the proceeds of the sale. On the contrary, it is the duty of the sheriff to apply these proceeds to the several writs that may be in his hands, according to their priority as liens. A sale, when made by the officer, is not for the benefit of the particular writ under which it is made, but for the benefit of all writs in his hands, according to their respective priorities."

The above observations of Mr. Freeman are applied by him to cases where the execution creates the lien, and not to liens created by the judgment.    In the same section he says: "There are some very important differences between the operation of a lien by execution and that of a lien by judgment or mortgage.    A judgment or mortgage lien can not be displaced by a sale made under any junior lien.   The purchaser, at the sale under the junior lien, acquires a title which may be divested by a subsequent sale under an elder lien."

The case of *Harrison* v. *Stipp*, 8 Blackf. 455, is also cited in support of the appellant's theory.   It was held in that case, that when a sheriff has several executions in his hands (the laws as to a sale under them being different), and the real estate levied upon is divisible, he should commence with the execution first to be satisfied, and sell enough of the property, under the law governing such sale, to satisfy that execution; and that he should afterward sell under the other executions in their order, according to the same rule, until all are satisfied or the property is exhausted.   But, if the property is not susceptible of division, the same should be sold under the execution first to be satisfied.

As the law was prior to the redemption statute of 1861, a sale of land under a senior judgment extinguished the lien of a junior judgment, and necessarily vacated the levy of an execution issued on such junior judgment, for the reason that such sale, consummated by a conveyance, divested the title of the judgment debtor, and there was no estate left to which the lien of the junior judgment could attach.   But for the statute providing for the redemption of real estate from an execution sale, the sheriff's return would have shown that the lien of appellant's judgment on the land of Peter Hagaman was destroyed by the sale on the older judgment of McKinney, and the subsequent levy on the land of the appellee would have been legal.   Under the redemption statute, however, a different rule prevails.   The title of the judgment debtor continues until the year for redemption has expired;

consequently the liens of junior judgments continue as though no sale had taken place, during the time allowed for redemption, and, of course, have full vitality after a redemption. *Davis* v. *Langsdale*, 41 Ind. 399; *Hasselman* v. *Lowe*, 70 Ind. 414; *Greene* v. *Doane*, 57 Ind. 186; *Bodine* v. *Moore*, 18 N. Y. 347. And in case of a redemption the lien relates back to the date of the judgment. *The State, ex rel. Allen,* v. *Sherill,* 34 Ind. 57. The case of *Davis* v. *Langsdale* presented substantially the same question as the present. Gay and Langsdale held notes secured by the same mortgage, but Gay's was the senior lien. He brought his action to foreclose and made Langsdale a defendant. The latter set up his claim, and in the foreclosure proceedings a judgment was rendered in his favor, as well as in favor of Gay; but it was provided that Gay's lien should be first satisfied out of the proceeds of the sale of the mortgaged premises. The whole was sold, but realized enough only to pay Gay's judgment.

It was held, that, notwithstanding Langsdale was a party to the judgment and decree of sale, the lien of his judgment was not divested by the sale to pay Gay's judgment, and that he was entitled to redeem. It follows from the principle established in that case, that the lien of the appellant's judgment on the land of Peter Hagaman was not extinguished by the sale on the McKinney execution.

The second proposition of the appellant is as untenable as the first. The sheriff had no authority, of his own volition, to abandon the levy upon the lands of Peter Hagaman. This follows from the decisions of this court, above cited, that a sufficient levy is *prima facie* a satisfaction. It was said, in *McCabe* v. *Goodwine, supra,* that, where property has been released from a levy by consent of the parties to the execution, the plaintiff can not abandon such levy to the injury of third persons. The rights of the appellee could not be affected by the act of the sheriff in assuming to abandon the levy on the property of Peter Hagaman. The alleged aban-

donment was unauthorized by law. Freeman on Executions, sec. 271.

The appellant, having purchased at his own execution sale, is chargeable with notice of the irregularity in the proceedings of the sheriff.

The circuit court did not err in its conclusions of law, and its judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.