### THE STATE, EDWARD H. MURPHY, PROSECUTOR, v. CHARLES E. BORDEN.

A court, out of which a special *fieri facias* on a mechanics' lien judgment has issued, will not order it to be set aside, on the motion of a party who has purchased the property covered by the mechanics' lien, at a sale under another special *fieri facias* on a judgment entered on a mechanics' lien filed by a different party upon the same premises.

---

On *certiorari* to the Ocean county Circuit Court, bringing up a rule discharging an order to show cause why an execution issued out of said court upon a mechanics' lien claim, commanding the sale of property previously sold under an

execution issued upon a concurrent lien claim, should not be set aside, and for a judgment setting aside the rule discharging and making the order to show cause absolute.

Argued at November Term, 1886, before Justices DIXON and REED.

For the prosecutors, *John H. Backes.*

For the defendant, *Samuel H. Patterson.*

The opinion of the court was delivered by

REED, J.   As appears by the return to this writ, William H. Hoover and others were the owners of the Land's End Hotel, in Point Pleasant, New Jersey.

James Corcoran and Byron Richards, partners as the Point Pleasant Lumber Company, under whom the prosecutor claims, and Charles E. Borden, the defendant, furnished materials used in the erection and construction of the said Land's End Hotel, entitling them, concurrently, to liens, by virtue of the mechanics' lien law, thereon.

On April 19th, 1884, James Corcoran and Byron Richards, partners, &c., filed their lien claim in the Ocean county clerk's office against the said Land's End Hotel for $216.23; upon the said lien claim suit was instituted in the Ocean county Circuit Court, and within due time judgment thereon entered.

On September 5th, 1884, special execution was issued on the said judgment, according to the provisions of the mechanics' lien law, and the property so subject to the lien was, on November 25th of the same year, sold by the sheriff of Ocean county to the prosecutor.

The defendant, Borden, filed his lien claim on March 11th, 1884, and commenced a suit thereon, and within due time entered judgment thereon.

Execution was issued and levied upon the same property.

Assuming that the issuance of the second execution was illegal, in view of the provisions of section 24 of the Mechanics'

Lien act (*Rev.*, *p.* 674), the question arises whether the prosecutor occupies a position from which he can attack it in the manner which he has adopted in the present instance. He is not a party to the action in which the writ was issued. It is true that the writ is a menace to the property of which he claims the ownership by virtue of his purchase under the former execution. He occupies the position of an owner of property upon which a levy has been made under an execution issued upon a judgment against another person.

A disturbance of his property by color of such proceedings renders all parties participating in such act amenable to an action at law. *Herman on Executions, p.* 629.

And the aid of a court of equity may be invoked in some instances to restrain a sale. *High on Injunctions,* §§ 144, 187 ; *Herman on Executions, pp.* 610, 611.

But, in the language of Mr. Herman, it must be understood that the execution of final process concerns only the debtor and the creditor, the plaintiff and defendant, and they alone are interested in the regularity of the officer's proceedings ; strangers, if affected, have means provided by law for enforcing or protecting their rights. *Herman on Executions, supra.*

In the case of *Cooper* v. *Gardner,* 3 *Ad. & El.* 211, by inquisition taken under an *elegit,* it was stated that G., the defendant, was possessed of a term in lands as mortgagee. The term had been bequeathed by words upon which a question arose whether such term was vested in G. or in the executrix. The court refused to decide, on motion at the instance of the mortgagor or the executrix, whether G. had an interest of the nature described in the inquisition, Justice Patterson, on the argument, remarking that this could be nothing more than the case of a sheriff seizing the goods of A under an execution against B, and intimated that the court never proceeded summarily upon such a question as that. To the same purport is the case of *Hewson* v. *Deygert,* 8 *Johns.* 333.

In the case of *Myers* v. *Kelsey,* 19 *Johns.* 197, a sheriff sold a house under one judgment and afterward seized the same house and advertised it for sale. The purchaser at the first sale

moved that all further proceedings under the last-mentioned execution should be stayed. The court refused to decide on the rights of the parties in that summary way, and left the purchaser to his remedy by action.

In *Funk* v. *Morrison*, 13 *Abb. Pr.* 80, a mortgagee was not permitted to move to set aside an execution against the mortgaged property on a judgment which was a lien when he took his mortgage, although the execution was irregularly issued. Also opposed to the notion that a stranger to the suit can so move is the case of *Hitchcock* v. *Roney*, 17 *Ill.* 231.

Upon this ground the refusal of the Circuit Court to interfere with the execution was correct.

The writ of *certiorari* should be dismissed.