## DORSEY, Appellant, *v.* HALL, Respondent.

**Homestead—Question of, How Determined—Execution—Jurisdiction.**

> The district court, on a motion to set aside a levy on a homestead, has no power, on affidavits, to determine the question of homestead. This should be decided in an action where the issue can be determined in the regular way. The words "proper care," in section 14, c. 38, Pol. Code, providing, "when any disagreement takes place between the owner and any person adversely interested, as to whether any land or buildings are properly a part of the homestead, it shall be competent for a district court, in any proper case, to determine such question, and all questions relating thereto," are synonymous with "proper action."

(Argued October 4, 1888; reversed October 13; opinion filed February 4, 1889.)

Appeal from district court of Lawrence county; Hon. CHARLES M. THOMAS, Judge.

*Martin & Mason,* for appellant.

The question of homestead cannot be tried in this summary manner upon motion and affidavits, but by the court in a proper action, in which issue shall be joined and evidence taken. *McCracken* v. *Weitzel,* 29 N. W. Rep. 624.

The customary, if not universal, procedure is by injunction. *Ashton* v. *Ingh,* 20 Kan. 670; *Swenson* v. *Kiehl,* 21 Kan. 533; *Goldman* v. *Clark,* 1 Nev. 216.

Or by bill in equity to set aside the sale and remove the cloud. *Avery* v. *Stephens,* 12 N. W. Rep. 211; *Liebetrau* v. *Goodsell,* 26 Minn. 417, 4 N. W. Rep. 813.

*Hamilton & Rice,* for respondent.

This proceeding, by motion on the law side of the court, to prevent the sale, and to set aside and quash the levy, is regular and proper, notwithstanding respondent might have proceeded by injunction, or, after sale, by bill in equity, to remove the cloud. *La Selle* v. *Moore,* 1 Blackf. 226; *Miller* v. *Ashton,* 7 Blackf. 29; *Hunt* v. *Lane,* 9 Ind. 213; *Stockwell* v. *Walker,* 3

Ind. 384; *Goode* v. *Crow*, 51 Mo. 213; *Miller* v. *Bartlett*, 4 West. Rep. 635.

Every court has the exclusive control of its own process, and, in the absence of any statute on the subject, they will be allowed to exercise a sound discretion in all proceedings affecting that process. *Goode* v. *Crow*, 51 Mo. 213; *Miller* v. *Bartlett*, 4 West. Rep. 635.

CARLAND, J. The record in the above action discloses that on or about the 5th day of August, 1884, the appellant herein obtained a judgment in the district court of Lawrence county against the respondent and one David H. Winyall, for the sum of $1,759.39, and that by virtue of an execution duly issued upon said judgment the sheriff of said county did on the 18th day of December, 1886, levy upon the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and the S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, section 1, and the N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, and the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, section 12, township 3 N., range 6 E., situated in said county of Lawrence, as the property of said respondent; that said sheriff was proceeding to sell said land when said respondent made a motion in the district court of said Lawrence county for an order quashing and setting aside said levy, on the ground that the land hereinbefore described was the homestead of said respondent. Upon the hearing of the motion the district court granted an order quashing and setting aside the levy, for the reason urged in support of the motion. The motion was heard on affidavits. From the order quashing the levy this appeal is taken.

Several errors are assigned which involved the merits of the controversy, but, as we are of the opinion that the court had no authority to determine the question involved on motion, we will not consider those errors. The respondent seemed to have proceeded on the theory that every court has the exclusive control of its own process. This, in general, is a correct proposition, but this control does not extend to the officer executing the process. We have carefully examined the following cases cited by respondent as supporting the propriety of his proceeding, viz:.

*La Selle* v. *Moore*, 1 Blackf. 226; *Miller* v. *Ashton*, 7 Blackf. 29; *Hunt* v. *Lane*, 9 Ind. 213; *Stockwell* v. *Walker*, 3 Ind. 384; *Goode* v. *Crow*, 51 Mo. 213; *Mellier* v. *Bartlett*, 1 S. W. Rep. 220,—and, without reviewing each one of these cases, it may be said that they do not support the position of respondent. They are all cases in which there was some defect in the process itself, or the court had no authority to issue the execution, with the exception of the case of *Mellier* v. *Bartlett*, and in that case a statute of Missouri authorized a motion to be made in such a case as the one at bar. While a motion to set aside or quash an execution may be made to the court which issued it, for errors and irregularities which affect the writ itself, the same is not true in the absence of statute regarding errors and irregularities arising out of the acts of the officer executing the writ. We are therefore of the opinion that the respondent's remedy was by a proper action in court, in which issues could have been joined and the action heard in the usual mode prescribed for the trial of issues of law and fact.

Our attention was not called at the argument to section 14, c. 38, Pol. Code Dak., which we think determines the question involved here: "Sec. 14. When a disagreement takes place between the owner and any person adversely interested, as to whether any land or buildings are properly a part of the homestead, it shall be competent for the district court, in any proper case, to determine such question, and all questions relating thereto." The words "proper case" in this statute are used as synonymous with "proper action," and exclude the idea that the question of homestead can be determined on motion, where the same is disputed.

Order reversed.