## FROELICH v. AYLWARD.

1. A transcript of judgment from justice court, giving the title, and reciting that judgment was entered for plaintiff against defendant on a certain day for a certain amount, with a certificate of the justice that "the above is a true transcript of a judgment rendered" by him, and remaining unsatisfied on his docket, is sufficient.

2. A motion to set aside a levy on a homestead for errors and irregularities arising out of the acts of the officer executing the writ will not lie, in the absence of a statutory provision therefor, but the remedy is by action.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by G. W. Froelich against Charles Aylward. From an order denying a motion to set aside a levy of execution, defendant appeals. Affirmed.

The facts are stated in the opinion.

*John L. Pyle*, for appellant.

The paper filed in the office of the clerk of the circuit court was wholly insufficient as a transcript of any judgment. §§ 6123, 6124, 6110, Comp. Laws; Bagley v. Wood, 27 •Cal. 370; Barnes v. Holton, 14 Minn. 357; Mudge v. Yaples, 58 Mich. 307; McConnell v. Hitchkiss, 44 Conn. 51; 12 Am. & Eng. Enc. of Law, 504.

The property levied upon was a homestead and exempt from levy. The motion made in the case for the court to direct the sheriff to release his levy thereon was the appropriate remedy and should have been granted. Dorsey v. Hall, 5 Dak. 505; Smith v. Hughes, 24 Ill. 276; Tudor v. Taylor, 26 Vt. 444; Pillsbury v. Smythe, 24 Me. 424; Williams v. Cobble, 27 Conn. 119; Burnham v. Coffin, 8 N. H. 114; Rhodes v. Smith, 66 Ala. 174; Harrison v. Hammer, 99 Ala. 603; Hudson v. Modawell, 64 Ala. 481; Mobile, etc. v. Moon, 9 Port, 679; Hill v. Delamay, 34 Ga. 427; Harrington v. O'Rilley, 9 Smed & M. Blair 216; v. Compton, 33 Mich. 414; Huning v. Williams, 56 Mo.' 446; Parker v. Railroad, 44 Mo. 415; Flint v. Fepp, 20 Ore. 340; Lein v. Waiber, 24 Ore. 548; Claffin v. James, 11 R. I. 86; Swansley v. Harkroder, 30 Gratt. 407; Carlson v. La Fayette, 125 Mo. 67.

*U. S. G. Cherry*, for respondent.

HANEY, J. On December 11, 1889, the respondent filed in the office of the clerk of the circuit court for Beadle county a paper as follows:

"Transcript of Judgment. Territory of Dakota, County of Beadle—ss.: In Justice Court. Before C. B. Albright, Justice

of the Peace. G. W. Froelich v. Charles Aylward. Transcript of Judgment. Judgment rendered for the plaintiff against the defendant on the sixteenth day of November, 1889, for the sum of $57.80, and for costs $1.50; in all $59.30. Fee for transcript to be added,—one dollar.

"Territory of Dakota, County of Beadle—ss.: I certify that the above is a true transcript of a judgment rendered by me, and now remaining unsatisfied upon my docket. Dated the sixteenth day of November, 1889. C. W. Albright, Justice of the Peace, Beadle County, S. D."

The foregoing paper having been entered and docketed by the clerk of the courts within and for Beadle county as a judgment against defendant an order based upon the affidavit of plaintiff was issued by the circuit court, requiring defendant to show cause on October 18, 1897, why leave should not be granted plaintiff to issue execution upon the aforesaid judgment. Such affidavit and order were personally served on the defendant in Illinois, October 2, 1897, in the manner and within the time prescribed by such order. In November, 1897, an execution was issued, and levied upon a quarter section of land in Beadle county. November 26, 1897, an order was issued by the circuit court, upon affidavit of defendant, requiring plaintiff to show cause on December 3, 1897, why the levy thus made should not be released, and an order made deciding that the judgment upon which it was issued is not a lien upon the land levied upon, and why the clerk should not cancel the docket entry of such judgment for the reason that there never was any transcript of a valid judgment filed. The affidavit upon which this order was based contains these statements, among others: "I am the defendant in the above-entitled action,

against whom a judgment was rendered before C. W. Albright, justice of the peace, November 16, 1889, and in which it is claimed a transcript of judgment was filed in the office of the clerk, in the circuit court of Beadle county, December 11, 1889, and which was docketed as a judgment against me. I further state that I filed upon the land levied upon under the execution issued upon such judgment, and resided upon it, under the provisions of the homestead laws of the United States, and made final proof under such laws April 7, 1890; that I have never sold such land nor transferred it in any way; that a patent was issued to me by the United States for such land, showing the same to have been issued under the United States homestead laws, which patent is hereto attached." The patent is in the usual form. Upon the hearing of this order to show cause, defendant's application was denied, and he appealed.

The transcript filed in this case is not essentially different from those heretofore adjudged by this court to be sufficient, and the court below was right in refusing to direct the clerk to cancel the judgment entered thereon. Williams v. Rice, 6 S. D. 9, 60 N. W. 153.

Although this is a motion to set aside a levy upon the homestead held under the laws of the United States, it cannot be distinguished from one made to release a levy upon a homestead held under the state statutes. In considering such a motion, Justice CARLAND, speaking for the territorial supreme court, uses this language: "While a motion to set aside or quash an execution may be made to the court which issued it, for errors and irregularities which affect the writ itself, the same is not true in the absence of statute regarding errors and

irregularities arising out of the acts of the officer executing the writ. We are therefore of the opinion that the respondent's remedy was by a proper action in court, in which issues could have been joined, and the action heard in the usual mode prescribed for the trial of issues of law and fact." Dorsey v. Hall, 5 Dak. 505, 41 N. W. 471. The order appealed from is affirmed.