## CABLE v. MAGPIE GOLD MINING CO. (SHERMAN, Intervener.)

A judgment debtor can move to quash the writ of execution, irregularly issued, or quash the levy, where the officer has proceeded irregularly.

A motion by a judgment debtor to quash the levy under an execution issued under the judgment, and to prevent a sale of the property, levied on as personal property, does not lie for the purpose of determining whether the property is personal property, or fixtures, and hence real estate; but his remedy is by action.

A senior judgment creditor, who made no application to intervene in proceedings by motion of the judgment debtor to quash a levy under an execution issued under a junior judgment, and who was not authorized by order of the court to intervene, and who merely attempted to unite with the judgment debtor in a renewal of the application to quash, designating himself as intervener, was not a party to the proceedings, but was a stranger to the record, and could not appeal from the order refusing to quash.

(Opinion filed, January 6, 1909.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Rufus E. Cable against the Magpie Gold Mining Company, in which plaintiff obtained a judgment. From an order denying a motion to quash a levy under the execution issued under the judgment, James C. Sherman, a senior judgment creditor, appeals. Affirmed.

Propositions 3, 4, and 5, appellant's brief, referred to in the opinion, are as follows:

"(3) 'It sometimes occurs that an appealable order is made which is prejudicial to one not a party to the action, in which case

the party aggrieved by the original order cannot appeal, because none but parties of record at the time the order was made can appeal. Before he can be heard in any form, he must take steps to make himself a party of record by his motion to set aside the order. 'From the order thus made on his motion, he may appeal.' 2 Spelling on New Tr. & App. Pr. § 508, p. 1065; People v. Grant, 45 Cal. 97-99; Green v. Hebbard, 95 Cal. 39, 30 Pac. 202; Pignaz v. Burnett, 119 Cal. 157, 51 Pac. 48; Nicol v. Skagit Boom Co., 12 Wash. 230, 40 Pac. 984. 'Where the right exists in favor of "persons aggrieved," the statute is held by more numerous authorities to include every person injuriously affected by the judgment, whether technically parties to the suit or not, and they may show by evidence de hors the record that they are injured.' 2 Enc. Pl. & Pr. p. 169; Nolan v. Jones, 108 Mo. 436, 18 S. W. 1107; Haniford v. Kansas City, 103 Mo. 180, 15 S. W. 753; Wilson v. Wallace, 64 Miss. 13, 8 South. 128; Deberry v. Holly Springs, 35 Miss. 385; Bryant v. Allen, 6 N. H. 116; Leavitt v. Wooster, 14 N. H .550; Wentworth v. Treanor, 31 N. H. 528; Pierce v. Gould, 143 Mass. 234, 9 N. E. 568; Farrar v. Parker, 3 Allen (Mass.) 556; Smith v. Sherman, 4 Cush. (Mass.) 408; Smith v. Bradstreet, 16 Pick. (Mass.) 264; Andress v. Andress, 46 N. J. Eq. 528, 22 Atl. 124; Swackhamer v. Kline, 25 N. J. Eq. 503; Parker v. Reynolds, 32 N. J. Eq. 293; Henry v. Jeanes, 47 Ohio St. 116, 24 N. E. 1077; Stevenson v. Schriver, 9 Gill & J. (Md.) 324; Deberry v. Holly Springs, 35 Miss. 335. In People v. Grant, supra, the California court said: 'In no other way could he become a party upon the record so as to enable him to appeal. The cases in which we have held that an appeal should be taken from an order itself as originally entered, and not from a subsequent order refusing to set it aside, are cases in which the party might have prosecuted an appeal from the original order. We have never held that any one was concluded by the lapse of 60 days from the entry of an order from which he had never had an opportunity to appeal. Had Tomney appealed directly from the order of May 23d, or had Sherman appealed from the order of March 22d, the appeal must have been dismissed here on the ground that he was not a party upon the record, and unless he could be permitted to move in the

court below to set aside that order, he would be left without a remedy.' So that Sherman was a party aggrieved and entitled to appeal. The proceedings taken were the only ones by which he could secure a standing in the case, enabling him so to do.

"(4) The motion to review was not only proper on the part of the Magpie Company, but unless it joined in such second application neither Sherman nor the company could have appealed. The Magpie Company must have been joined in the second application and move to appeal with Sherman, because it was a necessary party appellant, and unless the party to the original order joined in the second application, the appeal must have been dismissed. 'It is necessary that an appeal be taken by the party against whom the original order operates or purports to operate.' 2 Spelling, New Tr. & App. Pr. § 508; Miller v. Bates, 56 Cal. 135. Illustrations of appeals which were allowed under similar circumstances form almost an interminable list. 2 Spelling, New Tr. & App. Pr. § 621, p. 1091. 'The words, "any party," apply as well to those made parties after the commencement of the action as to the original parties, and where persons not made parties, yet claim an interest in the subject of the litigation, and pursue a method prescribed by statute to become parties, they will be treated as parties for the purpose of an appeal, although their effort proved fruitless by reason of the decision of the court adverse to their right to become parties by the method adopted. * * * And the term, "any party aggrieved," is held to extend to and include parties whose interests are incidentally, but materially affected by the enforcement of the judgment; and upon their taking proper steps to obtain relief in the lower court, and being refused, appeals taken by them, as parties aggrieved, were entertained, even against objection, and it seems that collateral or incidental matters may arise in an action resulting in orders which directly affect the interest of parties who, though not parties to the action, yet become connected with the subject-matter of the litigation in such way as to entitle them to be treated as parties for purpose of appeal. Thus in Adams v. Woods, 8 Cal. 306, the claim of counsel of a receiver in an equity case was allowed by a referee, and the report or finding of the referee having been set aside by the court, the attorney in whose

favor the allowance was made appealed from the order. The Supreme Court overruled the objection taken that the appellant, not being a party, could not maintain an appeal, but affirmed the order upon the merits, and where the probate court, after the sale of real estate by an administratrix, had confirmed the sale, it was held that the purchaser at such sale could appeal from an order directing a resale of the property, though not originally a party to the proceeding. Appeals have been entertained under this head: From an order appointing a guardian of a person alleged to be incompetent to manage his property, by the alleged incompetent; from an order granting letters of administration by one claiming prior right to the party to whom they were granted; by a garnishee to proceedings between the creditor and original defendant, upon final judgment being given; by the state, where, under a statute providing that, on usurious contracts, a penalty shall be paid to the school fund, the penalty not being enforced on such contract.' 2 Spelling, New Tr. & App. Pr. § 530, pp. 1107-1109; Coburn v. Smart, 53 Cal. 742, 745; People v. Pfeiffer, 59 Cal. 89; Stich v. Goldner, 38 Cal. 610; Estate of McDermott, 127 Cal. 450, 59 Pac. 783; Estate of Noah, 88 Cal. 468, 26 Pac. 361; Jones v. Thompson, 12 Cal. 191; People v. Grant, 45 Cal. 97, 99; Green v. Hebbard, 95 Cal. 41, 30 Pac. 202; Pignaz v. Burnett, 119 Cal. 162, 51 Pac. 48; City of San Jose v. Fulton, 45 Cal. 316, 320, 321; Nicol v. Boom Co., 12 Wash. 230, 40 Pac. 984; Gibson v. Marshall, 64 Miss. 75, 8 South. 205; Estate of Boland, 55 Cal. 310; Matter of Moss, 120 Cal. 695, 53 Pac. 357; Estate of Damke, 133 Cal. 433, 65 Pac. 889; Santa Fe Pac. Ry. Co. v. Bossut, 10 N. M. 322, 62 Pac. 977; State v. Eves, 6 Idaho, 144, 53 Pac. 543.

"(5) The court further says in Clopton v. Clopton, 10 N. D. 569, 88 N. W. 562: 'In the case at bar no objection appears to have been made by the defendant to the second hearing in the district court, nor do we think that such objection, if made, would properly have been sustained. Before the second application was heard upon its merits, the district court, upon proper application therefor, had by its order to show cause directed that the application should be heard before the court at a time and place specified in its order. We think this order was tantamount to an express leave of court

to present the matter a second time to the court; but, independently of this view, it appears to be the better opinion that the fact or hearing the same matter a second time furnishes irrefragable proof that the court, either before or at the hearing, had given leave to present the matter anew. Harris v. Brown, 93 N. Y. 390; Jensen v. Barbour, 12 Mont. 566, 31 Pac. 592; 14 Enc. Pl. & Pr. 186. * * * Our conclusion is that no rule of law or practice was violated by the district court in permitting the plaintiff to move in that court to vacate the previous order obtained by defendant, and this brings us to the merits of the order appealed from, etc.,"

*Fred H. Whitfield,* for appellant. *Charles W. Brown,* for respondent.

WHITING, J. This case comes on for hearing upon appeal from an order of the circuit court refusing to quash a levy under a writ of execution, and the facts, so far as material to this hearing, are as follows: The plaintiff and respondent herein obtained a judgment against the defendant corporation on December 15, 1903. James C. Sherman, designated as intervener in the papers in this court, obtained a judgment against the same corporation on July 10, 1903, and it was docketed on July 11, 1903, thus becoming a lien against the real property of the defendant corporation. March 11, 1904, the plaintiff in the action at bar placed execution in the hands of sheriff, and levy was made upon certain machinery, tools, and supplies of the defendant corporation situated in the county where these two judgments were rendered and recorded. On March 18, 1904, application was made in the name of the defendant corporation for an order to vacate and quash said levy and to prevent the sale of said machinery as personal property on a 10 days' notice without right of redemption. In support of this application, affidavit was filed setting forth that the sheriff was advertising the levy and sale as one of personal property, and setting forth facts which the said corporation claimed showed the property levied upon to be fixtures, and as such a part of the real estate of said defendant corporation. There was an answering affidavit setting forth facts which it was claimed showed such property not to be fixtures, but to be subject to sale as personal property. Other questions were raised by the affidavits which are

immaterial here. On March 22d, this application was heard and denied by the circuit court, and an order signed to that effect. On March 25th, the judgment creditor under the prior judgment, James C. Sherman, attempted to unite with the defendant corporation in a renewal of said application to quash said writ designating himself as intervener. No formal application to intervene appears to have been made, and no order of the court was ever made authorizing any intervention. Affidavits were filed both for and against such application, and such affidavits show the facts as to the prior judgment, and also set forth the facts claimed by each party in relation to the nature of the property levied upon, whether real or personal. This new application coming on for hearing, the court on April 12, 1904, again made an order refusing to quash the levy under said writ, and allowed the sale of said property to be made as personal property on 10 days' notice without right of redemption, and it is from this last order that the appeal was taken.

The defendant claims right to move to quash writ under facts stated and right to appeal from order denying motion. Sherman claims: That, as a "party aggrieved" by ruling of circuit court on motion to quash, he had a right of appeal; that before he could appeal he had to become a party of record; that therefore he had to unite in motion in the lower court to become "party"; and that he had a right to so unite in said motion for the reason that he was an "aggrieved" person, and as such had a right to be placed where he was an "aggrieved party." See propositions 3, 4, and 5, appellant's brief. He cites cases which he claims support his contentions, but we have examined same and are unable to agree with him. Some of these that at first reading might appear to advance some such propositions are found to be based on some special proceedings provided by statute. Appellant has not referred us to any provision of our statute authorizing any procedure of this kind, and in fact has cited no provision authorizing a motion to quash by the judgment debtor. It is well established that a judgment debtor can move to quash a writ irregularly issued or to quash a levy where officer has proceeded irregularly. There is no claim of irregularity in issuance of writ or in manner of levying or proceeding on said levy. The levy notice and all steps of sheriff are regular.

Could then the judgment debtor have the lower court determine the nature of the property, whether real or personal, on motion? Even admitting that court would have the right to have the levy quashed if it was admitted that the property was personal (which point we do not pass on), should a court determine such a disputed fact on affidavits? We think not. Our own court seems to have settled this question in Froelich v. Aylward, 11 S. D. 635, 80 N. W. 131, where, quoting from Dorsey v. Hall, 5 Dak. 505, 41 N. W. 471, they use these words: "While a motion to set aside or quash an execution may be made to the court which issued it for errors and irregularities which affect the writ itself, the same is not true in the absence of statute regarding errors and irregularities arising out of the acts of the officer executing the writ. We are therefore of the opinion that the respondent's remedy was by a proper action in court, in which issues could have been joined, and the action heard in the usual mode prescribed for the trial of issues of law and fact." And as to the rights of a stranger to the record, as Sherman was in case at bar, to make a motion to quash a levy we would cite as denying the said right Hitchcock in re People v. Rooney, 17 Ill. 231, and cases cited therein; State v. Borden, 49 N. J. Law, 527, 13 Atl. 42, and cases cited therein. In this case the court say: "Assuming that the issuance of the second execution was illegal, * * * the question arises whether the prosecutor occupies a position from which he can attack it in the manner which he has adopted in the present instance. He is not a party to the action in which the writ was issued. It is true that the writ is a menace to the property of which he claims the ownership by virtue of his purchase, under the former execution. He occupies the position of an owner of property upon which a levy had been made under an execution issued upon a judgment against another person. A disturbance of his property by color of such proceedings renders all parties participating in such act amenable to an action at law. Herm. Ex'ns, 629. And the aid of a court of equity may be invoked in some instances to restrain a sale. 1 High, Inj. §§ 144, 187; Herm. Ex'ns, 610, 611. But in the language of Mr. Herman, it must be understood that the execution of final process concerns only the debtor and the creditor,

the plaintiff and defendant, and they alone are interested in the regularity of the officer's proceedings. Strangers, if affected, have means provided by law for enforcing or protecting their rights."

The order appealed from is affirmed.