No. 8809.

## GOSS ET AL. *v.* MEADORS, GUARDIAN.

EJECTMENT.— *Sheriff's Sale.— Description.*—A defendant in an action of ejectment, who claims title through a sheriff's sale, can not maintain it unless the sheriff's deed describes the land in dispute.

SAME.—*Evidence.—Forcible Entry and Detainer.*—In such action it is not necessary for the plaintiff to prove a forcible entry and detainer.

SAME.—*Power of Attorney.*—A power of attorney, executed by A. to B., authorizing the latter to lease, mortgage or sell the land of the former in

Goss *et al. v.* Meadors, Guardian.

order to pay his debts, does not authorize the latter to take and hold possession of the land in opposition to the former's wishes.

SHERIFF's SALE.—*Deed.—Possession.*—A sheriff's sale without a deed confers no title, nor does it entitle the purchaser to possession.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellants.

*S. B. Voyles, H. Morris, D. M. Alspaugh* and *J. C. Lawler,* for appellee.

BEST, C.—This action was brought by the appellee, as guardian of Joseph Lockenour, a person of unsound mind, against Martin C. Goss, Eliza Goss, John F. Jackson and Eliza J. Jackson, to recover possession of the southeast quarter of the southeast quarter of section 36, township 2 north, of range 5 east, in Washington county, Indiana.

The complaint consisted of two paragraphs. The first was in the usual form, and, in the second, an unlawful entry and a forcible detainer were averred. Issues were joined, submitted to the court, and a finding made against Martin C. Goss, Eliza Goss and John F. Jackson. A motion for a new trial was overruled, and judgment rendered against them. From this judgment they appeal, and assign as error the order of the court in overruling the motion for a new trial.

The reasons embraced in the motion were, that the finding was not sustained by sufficient evidence, was contrary to law, and that the court erred in refusing to allow appellants to read in evidence a certain power of attorney executed by the appellee's ward to one George W. Daily and Martin C. Goss, one of the appellants.

The title to the land was the question in dispute in this case. The appellee's ward owned the land, unless his title had been divested by a sheriff's sale. Before he was adjudged a person of unsound mind, a judgment upon an account had been recovered against him, which was a lien upon the land, and upon which it was claimed the land had been sold to Eliza Goss. The validity of this sale was disputed, and the appel-

lee retained possession. The appellants Goss and Goss, with a view of obtaining possession under such purchase, put Jackson, their son-in-law, in possession of an unoccupied cabin upon said premises. This suit was brought to recover possession, and appellants, in support of their title, read in evidence the judgment, execution, return and sheriff's deed. The appraisement and sheriff's deed described land in section 26 instead of 36. No deed was read for the land in dispute. The appellants claim that the land was misdescribed, but no evidence, if admissible, was offered of such misdescription. The deed read did not prove title, and the sale without a deed did not convey title, nor did such sale entitle the purchaser to possession. No title was shown in Eliza Goss.

The evidence fully supported the material averments of the complaint. It was not necessary for the appellee to prove a forcible entry or detainer in order to recover.

From the recitals in the power of attorney which the court excluded, it appears that a judgment had been rendered against the appellee's ward, and that he authorized George W. Daily and Martin C. Goss to do any act necessary to stay and pay said judgment. He further authorized them to lease, mortgage, sell and convey any of his real estate, and to dispose of his personal property for the payment of his debts. It contained a stipulation that it was irrevocable without the written consent of Daily and Goss, and for that reason the appellants insist that it protected them in the possession so taken by them. We think otherwise. The possession was not taken by virtue of it, nor did it authorize Goss to take possession of Lockenour's property, nor to place others in possession of it. It was made to aid him in the enjoyment and preservation of his property, and not to enable them or either of them to deprive him of it in opposition to his wishes and in a manner prejudicial to his interests. The instrument was irrelevant, and for that reason properly excluded.

The appellants also insist that the court erred in excluding Martin C. Goss as a witness. This ruling was not mentioned

in the motion for a new trial, and for that reason the question is not presented.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellants' costs.