No. 9034.

EICEMAN *v.* FINCH.

REDEMPTION.—*Complaint.*—*Payment of Purchase-Money.*—A complaint for the redemption of land sold upon foreclosure of a mortgage, which does not allege that the purchase-money and ten per centum interest have been paid to the clerk, is insufficient.

SAME.—*Undivided Interest.*—The owner of an undivided interest may not redeem it only, but must redeem the entire parcel.

SAME.—*Statute, Compliance With.*—One who seeks the benefit of the statute giving a right of redemption must fully comply with its requirements.

SAME.—*Statutory Right.*—The general equitable right of redemption is forever barred by the decree and sale; the statutory right springs into existence with the sale, continues for one year and then expires.

JUDGMENTS.—*Husband and Wife.*—The liens of judgments obtained on the lands of the husband prior to marriage are paramount to the rights of his wife in the lands.

From the Spencer Circuit Court.

*G. L. Reinhard, C. H. Mason, J. B. Elam* and *W. T. Brown,* for appellant.

*D. T. Laird* and *C. L. Wedding,* for appellee.

ELLIOTT, C. J.—Appellant was married to Augustus Eiceman on the 13th day of September, 1877, and is his second wife. Prior to the 11th day of November, 1876, divers judgments were recovered against the said Augustus, which became liens on lands owned by him and which are here the subject of litigation. On the date named, Eiceman and his then wife, Catherine, executed a mortgage on part of the land, which was recorded on the day it was executed. The appellant joined with her husband in the execution of a mortgage upon the real estate, on the 8th day of June, 1878. These two mortgages became the property of appellee, and were foreclosed by a decree of the Spencer Circuit Court, on the 28th day of October, 1879. Appellant was a party to the action in which this decree was rendered. Sale was made and the avails applied in satisfaction of the judgments aforesaid and in discharge of the decree of foreclosure. Appellant asserts a right to redeem the lands sold, but does not tender any money in redemption, nor does she allege that any tender has been made.

In her complaint she offers " to pay whatever sum may be due on said judgments and the mortgages and all costs for which she may be liable."

Judgments obtained prior to marriage are liens on the lands of the husband, and are not divested by his subsequent marriage. The judgments described in the complaint were liens paramount to the marital rights of the appellant in the land of her husband. The mortgage executed by Augustus Eiceman and his then wife, on the 11th day of November, 1876, constitutes a lien superior to the rights of appellant. The mortgage in which she joined created a right which entitled the mortgagee to a decree of foreclosure barring her equity of redemption. It is clear, therefore, that the appellant has no right to redeem under the equity of redemption established by the English courts of chancery and adopted by our Legislatures and courts, because that equity was barred by the decree of foreclosure rendered in the suit to which she was a party. It needs no citation of authority to support the proposition that the equitable right to redeem is barred by the decree and sale. This is the statutory rule.

There are two rights of redemption; the general equitable right and the statutory right. The former is forever barred by the decree and sale; the latter does not spring into existence until the sale takes place. This statutory right comes into existence with the sale; it continues for one year and then expires.

The decree of foreclosure cut off the general equity of redemption, and the only question is whether the case is one in which the statutory right can be exercised. This right was not and could not be cut off by the decree, for the plain reason that it did not spring into existence until after the decree was entered and carried into execution. *Cox* v. *Vickers*, 35 Ind. 27; *Kissel* v. *Eaton*, 64 Ind. 248.

Whether the decree barring appellant's general equity of redemption was right or wrong, can not be here made the subject of investigation. The familiar rule, that a party can not collaterally impeach a judgment, precludes all inquiry into

the validity of the decree rendered in the foreclosure suit, to which appellant was a party.

The only question, then, is whether the case is one entitling the appellant to avail herself of the statutory right of redeeming within one year from the sale.

We need not stop to decide whether the appellant would have been entitled to redeem if she had fully complied with the terms of the statute. Whether she was or was not entitled to redeem because of her interest as the wife of the judgment debtor, is here unimportant because it is very clear that she has not complied with the requirements of the law.

The right of redemption given by statute must be exercised in the manner prescribed. One who seeks the benefit of the statute must fully comply with its requirements. *Hall* v. *Thomas,* 27 Barb. 55 ; *Silliman* v. *Wing,* 7 Hill, 159 ; *Hughes* v. *Feeter,* 23 Iowa, 547 ; *Ex Parte The Bank of Monroe,* 7 Hill, 177. The statute in express terms requires that the purchase-money and ten per centum interest shall be paid to the clerk. Acts 1879, p. 176 ; R. S. 1881, sec. 768. The appellant did not comply with this requirement.

Independently of this statutory provision, the owner of an undivided interest in land can not redeem his interest. The statute in force when the sale of the real estate here in controversy was made provides that "Any person having an undivided interest in the property sold may redeem the same as herein provided, and if he so redeem, he shall have a lien on the several shares of the other owners for their respective shares of the redemption money, with ten per cent. interest." Acts 1879, p. 177. This provision forbids the redemption of an undivided interest, and requires a redemption of all the property sold. It vests in the owner of the undivided interest a right to redeem, but couples it with the burden of redeeming the entire parcel. This is fatal to appellant's claim. She offers only to redeem her undivided share.

Judgment affirmed.