Robertson *et al. v.* Van Cleave *et al.*

Filed Sept. 22, 1891.

---

No. 14,842.

### Robertson et al. *v.* Van Cleave et al.

Trust and Trustee.—*Cestui que Trust.—Decree.*—Where a trustee, who represents the beneficiaries, is in court, the decree rendered binds them in so far as it affects the trust property.

Mortgage.—*Foreclosure.—Decree, who Bound By.—Trustee and Beneficiaries.—Judgment Creditors.—Partition.— Counter-Claim*—At an execution sale the judgment creditors chose of their own members certain ones as trustees. The judgment debtor's land was purchased by those so chosen, as trustees for themselves and the other creditors, and the sheriff's certificate was issued to them as trustees. In a suit to foreclose a mortgage executed by the judgment debtor the trustees were made parties.

*Held,* that the decree of foreclosure rendered therein, adjudging the mortgage to be a paramount lien, was binding on the trustees and the other creditors as the beneficiaries of the trust.

*Held,* also, that even if the judgment creditors were not parties to the foreclosure suit through their chosen trustees, the decree was not a nullity, and the mortgagee had a right, in a subsequent suit, to secure a decree barring their equity of redemption. Such right may be set up as a counter-claim in a suit by all the creditors for partition of the land.

Execution.—*Sheriff's Sale.—Judgment Creditor's Bid.*—It is sufficient to make a sheriff's sale effective, in cases where the judgment creditor is the purchaser, if the amount of the bid is properly credited upon the execution, by his direction and authority.

Same.—*Holder of Sheriff's Certificate of Purchase.—Redemption from Mortgage Foreclosure.*—The holder of a sheriff's certificate of sale under execution on a judgment may redeem lands sold on a decree of foreclosure of a

| | |
|---|---|
| 129 | 217 |
| 129 | 161 |
| 129 | 217 |
| 131 | 554 |
| 133 | 157 |
| 129 | 217 |
| 137 | 329 |
| 138 | 689 |
| 129 | 217 |
| 141 | 30 |
| 141 | 408 |
| 129 | 217 |
| 146 | 49 |
| 146 | 77 |
| 129 | 217 |
| 148 | 324 |
| 150 | 266 |
| 151 | 634 |
| 129 | 217 |
| 153 | 29 |

mortgage made by the judgment debtor, the lien of which is prior to that of the judgment.

SAME.—*Right of Redemption as Judgment Creditor.—Sufficiency of Application to Redeem, How Determined.*—Such holder of a sheriff's certificate is entitled to redeem in the character of a judgment creditor, and not as owner, and hence the sufficiency of the application must be determined by section 772, R. S. 1881, which requires a statement specifying the amount and date of the judgment, and the amount due and unpaid.

CONSTITUTIONAL LAW.—*Obligation of Contract.—Statute Reducing Interest on Redemption from Mortgage.*—A statute enacted subsequently to the execution of a mortgage, reducing the rate of interest which the purchaser might receive on his bid in case of redemption from ten per cent. to eight per cent., is not unconstitutional as impairing the obligation of a contract between the mortgagor and the mortgagee.

NEW TRIAL.—*As of Right.—Partition.*—Where, in an action for partition, the question of title is directly put in issue and adjudicated, the unsuccessful party is entitled to a new trial as of right.

EXECUTION.—*Right of Redemption.—Purchaser Under Execution.—Equitable Title.—Lien-Holder.*—The title remains in the judgment debtor, not only until the right of redemption is lost, but until the power to redeem no longer exists, and the power to redeem ends only when the holder of the certificate demands a deed. The holder of a sheriff's certificate, who has taken no steps to obtain a deed, is no more than a lien-holder, regardless of the time which has elapsed since the sale. The expiration of the year allowed for redemption enlarges his rights by adding to his lien an equitable interest in the land sold. If he demands a deed, he acquires a legal title. Until he procures a deed he can not redeem as owner under section 768, R. S. 1881, but must redeem as a judgment creditor, or lien-holder, under section 772, R. S. 1881. OLDS, J., dissents.

From the Tippecanoe Circuit Court.

*R. B. F. Peirce, B. T. Ristine, T. H. Ristine, H. H. Ristine, A. B. Anderson* and *B. Crane,* for appellants.

*J. McCabe,* for appellees.

ELLIOTT, J.—The appellants allege in their complaint that they are the owners of an undivided interest in the land in controversy, and entitled to partition.

James McCabe, one of the appellees, alleges in his counterclaim these facts : The only interest or title of the plaintiffs is founded on a deed executed to them by the sheriff, and

Robertson *et al. v.* Van Cleave *et al.*

based on a sale made on the 24th day of January, 1884. The sale rests upon a judgment which became a lien on the 9th day of January, 1877, on the land in controversy, which was then owned by Matthias Van Cleave. The property was purchased by the plaintiffs Brown and Ristine, as trustees for themselves and their co-plaintiffs, and a certificate was issued to them as trustees. The title of the cross-complainant is founded on a sheriff's sale, made on a decree of foreclosure rendered in his favor against Van Cleave.

The decree foreclosed a mortgage executed to the cross-complainant by Van Cleave and his wife on the 1st day of December, 1876. The trustees, Brown and Ristine, were parties to the foreclosure suit, and it was therein adjudged that McCabe's mortgage was the paramount lien. McCabe's judgment was for nine thousand three hundred and sixteen dollars, but he bid in the property for five hundred dollars. A certificate was duly issued by the sheriff, a deed was demanded at the proper time and refused.

The counter-claim is good. For this conclusion there are at least two valid reasons. Of these in their order. Brown and Ristine were, as the confessed allegations of the counter-claim show, trustees for themselves and all their co-plaintiffs. A decree against trustees usually binds the beneficiaries, and certainly does so in a case such as this, where the evidence of title clothes the trustees with the apparent legal ownership.

It appears that, upon the sale on the judgment, the evidence of title was taken by the trustees for their own benefit as well as for the benefit of their co-plaintiffs, and as to third parties they were the ostensible legal owners of such an interest as the certificate conveyed. They can not, as against McCabe, be regarded as holders of a mere naked trust. The cases of *Gaylord* v. *Dodge*, 31 Ind. 41, *Adams* v. *La Rose*, 75 Ind. 471, and *McCoy* v. *Monte*, 90 Ind. 441, are not of controlling influence, for we are in this instance required to give judgment upon a case where the trustees have a benefi-

cial interest, and were the parties to a foreclosure suit affecting the property to which they held the whole of such title or right as existed under the certificate executed by the sheriff.

In speaking of such a trustee, it was said in the case of *Kerrison* v. *Stewart*, 93 U. S. 155, that "If he has been made such a representative, it is well settled that his beneficiaries are not necessary parties to a suit by him against a stranger to enforce the trust (*Shaw* v. *Norfolk, etc., R. R. Co.*, 5 Gray, 171 ; *Bifield* v. *Taylor*, 1 Beat. 91 ; *Campbell* v. *R. R. Co.*, 1 Woods, 376 ; *Ashton* v. *Atlantic Bank*, 3 Allen, 220), or to one by a stranger against him to defeat it in whole or in part. *Rogers* v. *Rogers*, 3 Paige, 379 ; *Wakeman* v. *Grover*, 4 Paige, 34 ; *Winslow* v. *M & P. R. R. Co.*, 4 Minn. 317 ; *Campbell* v. *Watson*, 8 Ohio, 500. In such cases, the trustee is in court for and on behalf of the beneficiaries ; and they, though not parties, are bound by the judgment, unless it is impeached for fraud or collusion between him and the adverse party."

The conclusion that, where a trustee who represents the beneficiaries is in court, the decree rendered binds them, in so far as it affects the trust property, is supported by many other decisions. *Vetterlein* v. *Barnes*, 124 U. S. 169 ; *New Jersey, etc., Co.* v. *Ames*, 1 Beasley (N. J.), 507 ; *Corcoran* v. *Chesapeake, etc., Co.*, 94 U. S. 741 ; *Richter* v. *Jerome*, 123 U. S. 233 ; *Coal Co.* v. *Blatchford*, 11 Wall. 172 ; *Van Vechten* v. *Terry*, 2 Johns. Ch. 197 ; *Board, etc.*, v. *Mineral Point R. R. Co.*, 24 Wis. 93 ; *Hays* v. *Gallion, etc., Co.*, 29 Ohio St. 330 ; *Mead* v. *Mitchell*, 5 Abbott Pr. R. 92 ; *McElrath* v. *Pittsburgh, etc., R. R. Co.*, 68 Pa. St. 37.

Our own court has sanctioned the general doctrine. *Rinker* v. *Bissell*, 90 Ind. 375. This general doctrine clearly applies where, as here, there is a purchase at sheriff's sale, and the creditors interested in the purchase constitute some of their own number trustees, and cause the certificate to issue to the persons chosen to represent them. The necessary in-

.ference is that the trustees so chosen represent the interests of all in the property purchased, and themselves have a beneficial interest.

We come now to the second reason indicated as supporting our declaration that the counter-claim is good, and that is this: Even if the judgment creditors were not parties to the foreclosure suit, through their chosen trustees, still the decree was not a nullity, and the appellee McCabe has a right, in a subsequent suit, to secure a decree barring their equity of redemption. If they were proper parties to the foreclosure suit, they were nothing more, for they were certainly not necessary parties. If the theory that they were not parties to the original suit be accepted as the true one, then it must follow that their general equity of redemption can be barred by an independent decree rendered in a subsequent suit. *Jefferson* v. *Coleman*, 110 Ind. 515, and authorities cited, p. 517; *Shirk* v. *Andrews*, 92 Ind. 509; *Curtis* v. *Gooding*, 99 Ind. 45.

As the right of the appellants to a partition depends upon their interest in the land, it was proper to plead title in the appellee by way of counter-claim, so that the entire controversy might be adjudicated in one suit, or action, for the policy of our code, as has been often decided, is to prevent a multiplicity of actions concerning the same real estate. *Ulrich* v. *Drischell*, 88 Ind. 354, and cases cited; *Howe* v. *Lewis*, 121 Ind. 110; *Faust* v. *Baumgartner*, 113 Ind. 139; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 308 (3 Am. St. Rep. 650); *Woodworth* v. *Zimmerman*, 92 Ind. 349. It may, perhaps, be well to add that we are not, at this place, speaking of the statutory right of redemption, since that right is essentially different from the equity of redemption. *Eiceman* v. *Finch*, 79 Ind. 511. The difference between the right to redeem under the statute and the equity of redemption is an important and influential one. The statutory right does not come into existence until after the sale, nor, it is hardly necessary to suggest, can it be barred by a decree

foreclosing a mortgage. But the equity of redemption ex-. ists prior to the suit, and may be barred by a decree.

The evidence given by the parties on the trial may be regarded as establishing the facts which we outline in the synopsis that follows. The judgment on which the land was sold was obtained against Van Cleave, then the owner, on the 2d day of January, 1877, and was for the sum of one hundred and sixteen dollars. The judgment on which the land was sold was held by two of the appellants, but, at the time of the sale, the sheriff had in his hands several executions issued upon judgments against Van Cleave, among them one in favor of the trustee Brown. The property was bid in by Brown and Ristine, trustees, for eleven hundred and thirty-seven dollars, but a receipt seems to have been given for only three hundred and thirty-six dollars. It appears, however, that the sum bid was applied upon the several executions in the hands of the sheriff, distributing to each a proportionate share of the avails of the sale. A certificate was issued by the sheriff to Brown and Ristine, as trustees, for all of the execution creditors, and on the 15th day of March, 1886, a deed was issued to the holders of the certificate. The mortgage to McCabe, referred to in the counter-claim, was executed to him by Van Cleave and wife on the 1st day of December, 1876. To the suit to foreclose that mortgage Brown and Ristine, trustees, were parties, and the decree adjudges that the mortgage is the paramount lien. Sale was made on the decree, and a certificate issued to McCabe on the 14th day of March, 1885. After the expiration of the year allowed for redemption, McCabe demanded a deed, but his demand was met by a refusal. On the 13th day of March, 1886, Brown and Ristine, trustees, filed with the clerk a written statement in which they asserted that, as shown by the sheriff's certificate, recorded on page 101 of the *lis pendens* record, and also by the sheriff's return to the decree certified to him, the real estate, describing it, was sold by the sheriff. They also stated that they desired

to redeem the real estate upon the following facts: "That they had a certificate of purchase for said real estate which is a lien thereon, executed to them by Alexander Harper, sheriff, dated January 24th, 1884, recorded on page 94 of the *lis pendens* record, which said certificate was issued under and pursuant to a sale of the land made by the sheriff under a writ of execution issued to the sheriff under the hand of the clerk and the seal of the court, upon the judgment of Alexander M. Robertson and John M. Perry, as appears from the sheriff's return to said execution as the same is recorded on page 276, of execution docket number 8." The statement is signed by Brown and Ristine as trustees in "trust for Alexander M. Robertson, John M. Perry, Robert B. Burton, William T. Burton, Charles Ferriman, John S. Brown, Aaron H. Blair and John S. Brown, surviving partner." But no specification of the amount of the judgment was made in the statement, nor was it shown what amount was due and unpaid. The certificate of redemption was also read in evidence, from which it appears, among other things, that Brown and Ristine, trustees, paid five hundred and forty dollars to the clerk.

In discussing the ruling on the counter-claim we have disposed of some of the questions presented by the ruling upon the motion for a new trial for cause, and we shall not again discuss them.

We are satisfied that the sheriff's sale to Brown and Ristine was not invalid, although no money was actually paid to the sheriff by them in their character of purchasers. It is sufficient to make a sheriff's sale effective, in cases where the judgment creditor is the purchaser, if the amount of the bid is properly credited upon the execution, by his direction and authority. There is no reason for going through the useless ceremony of handing the money to the sheriff and then receiving it back from him. *Burton* v. *Ferguson*, 69 Ind. 486 ; *Clossen* v. *Whitney*, 39 Minn. 50.

It is undoubtedly true that a party who assumes to avail

himself of the statutory right of redemption must comply with the statute. *Liggett* v. *Firestone*, 96 Ind. 260; *Rucker* v. *Steelman*, 73 Ind. 396. The right is purely a statutory one, and, while a redemption is not to be defeated because of an unimportant or immaterial deviation from the requirements of the statute, still it can not be successfully asserted without a substantial compliance with the statutory requirements.

The verified statement made by the appellants was, so far as the character of the redemptioners is concerned, a substantial compliance with the statute; it shows that they sought to redeem in the character of the holders of the sheriff's certificate. Their character was evidenced by the certificate described by them, and it was unnecessary for them to more fully describe the character in which they asked to redeem. The sheriff's certificate did not, it is true, vest a title in them, but it did evidence a lien. *Goss* v. *Meadors*, 78 Ind. 528; *Elston* v. *Piggott*, 94 Ind. 14. It is a legal instrument of force, and evidences a right in the holder somewhat higher than the general judgment lien, but, nevertheless, a right resting upon the judgment, and owing its principal strength to the judgment. It can not be possible that the holder of a certificate has neither such a lien nor such an interest as will enable him to redeem. His certificate gives him something more than a naked general judgment lien, for, while it does not vest title in him, it does vest such right as may, upon the happening of a designated legal event, ripen into a title. The sale, when consummated by the execution of a deed, takes up the judgment so that no sale of the same property can again be made upon it by the owner of the judgment on which it was once sold. *Horn* v. *Indianapolis Nat'l Bank*, 125 Ind. 381.

If the property can not be again subjected to sale after title has passed, it must be for the reason that the owner of the certificate has a right superior to that of the judgment on which the certificate is based, for it is inconceivable that a

judgment lien can be taken up by an interest, lien or estate not greater than it is itself. The greater may merge the less, but not the less the greater. It results that the holder of a certificate of sale has, if in other respects within the statute, a right to redeem, and that a description of himself as the holder of a sheriff's certificate issued on a sale sufficiently describes his character, but whether such a statement is sufficiently specific in other respects is quite a different question.

The statement required by the statute, with which the appellants assumed to comply, is more than a mere general assertion that the party seeking to redeem holds a lien. If, therefore, the appellants have a lien only, the statement is insufficient. In such a case as this, as our cases uniformly hold, the owners of the sheriff's certificate did not obtain a title to the land. *Felton* v. *Smith*, 84 Ind. 485; *Brown* v. *Cody*, 115 Ind. 484 (486); *Shirk* v. *Thomas*, 121 Ind. 147 (16 Am. St. R. 381); *Bodine* v. *Moore*, 18 N. Y. 347. During the year of redemption the holder of the certificate has " no claim or right except to be repaid the amount of his bid with the rate of interest prescribed in the statute." *Bodine* v. *Moore, supra*; *Neff* v. *Hagaman*, 78 Ind. 57; *Brown* v. *Cody, supra*. In *Neff* v. *Hagaman, supra*, it was said: " The title of the judgment debtor continues until the year for redemption has expired." The same rule was thus expressed in *Hasselman* v. *Lowe*, 70 Ind. 414: " The sheriff's certificate of the sale does not convey a title to the land sold, but simply an obligation upon which a title may be obtained after the expiration of a year from the sale, unless the land is redeemed within that time." In *Elston* v. *Castor*, 101 Ind. 426, it was said: " It is settled that the sheriff's certificate does not convey a legal title to the purchaser." Other cases assert a like doctrine. *Elston* v. *Piggott, supra; Wilhite* v. *Hamrick*, 92 Ind. 594. These decisions close the question as to the nature of the right of the holder of a sher-

iff's certificate, and establish the rule that he has a lien, and not a title. But if it were granted that the appellants were the owners, and not mere lien-holders, the concession would do them little good, for, if they redeemed as owners, the property would be subject to re-sale, and the redemption would not vest title in them. *Hervey* v. *Krost*, 116 Ind. 268; *Green* v. *Stobo*, 118 Ind. 332.

We adjudge that the holder of a sheriff's certificate acquires a lien, and that he has a right to redeem as a lien-holder, but not as an owner. As the owner of a sheriff's certificate can only redeem in the capacity of a holder of a lien, he must do what the statute requires of a party who asserts a right to redeem as a lien-holder.

It is difficult to designate the precise character in which the holder of a sheriff's certificate may redeem. He can not, as we have seen, redeem as an owner. Nor can he redeem as the holder of a mechanic's lien, a mortgage lien, or any specific lien of that nature. This is so obvious from the language of section 774, R. S 1881, that discussion is unnecessary; but if the case did fall within that section, still the redemptioner must do what is required of judgment creditors as nearly as the nature of his lien will admit. We hold that if such a person is entitled to redeem at all it is in the character of a judgment creditor. Either this must be affirmed or it must be affirmed that there is no right to redeem. We have, however, shown that he has a right to redeem, and hence it must follow that the right is essentially that of a judgment creditor. This conclusion gives just effect to the statute, harmonizes its provisions, and carries into execution the intention of the Legislature. The basis of the lien is the judgment upon which the sale was made, and the certificate is but a step towards perfecting the lien, so that it may, by the failure to redeem, be transformed into a title. The certificate represents no fixed sum of money; its foundation and vital element is the judgment, and, in order to ascertain what that sum is, the judgment must be so de-

scribed and so designated as that interested parties may know from an examination of the statement required of the redemptioner the amount and date of the judgment, and what part, if any, has been paid. The courts can not supply omissions or remedy defects by intendment.

The owner of a certificate remains, we repeat, the holder of a lien, and of a lien only. His character is not, under the firmly settled rules established by the cases to which we have referred, transformed into that of an owner until the sale is consummated by the execution of a deed. *Stephens* v. *Illinois, etc., Ins. Co.*, 43 Ill. 327 (331). The basis of his lien is the judgment, for, without a judgment, his certificate would be absolutely ineffective. In itself it has no power. If, therefore, there is no change of character and no change of lien, it must follow that it is the lien of the judgment that gives the holder of a certificate a right to redeem. The execution of the certificate is at most a strengthening of the judgment lien, and is no more than a step towards its enforcement. It creates no new character nor any new lien. It seems clear, therefore, that the mere exhibition of a sheriff's certificate, or a simple reference to it, is not sufficient. Nor is the mere statement that the person holding such certificate proposes to redeem sufficient to show a right to make a redemption under the statute. Much more is required.

To hold a reference to a sheriff's certificate sufficient would be to adjudge that the owner of a certificate may redeem without showing the specific facts required by the statute, and this would practically destroy one of its chief provisions.

In our opinion it is necessary to show—what, indeed, section 772 explicitly requires—the amount and date of the judgment as well as the amount due and unpaid. Requirements such as these are regarded by all of the cases that we have been able to find as matters of importance, for those decisions assert that the failure to make such specification in the verified statement is fatal to the attempted redemption. *Eiceman* v. *Finch, supra; Liggett* v. *Firestone, supra; Buser*

Robertson *et al. v.* Van Cleave *et al.*

v. *Shepard*, 107 Ind. 417 ; *Tinkcom* v. *Lewis*, 21 Minn. 132 ; *Thornley* v. *Moore*, 106 Ill. 496 ; *Morss* v. *Purvis*, 68 N. Y. 225 ; *Haskell* v. *Manlove*, 14 Cal. 54 ; *Spoor* v. *Phillips*, 27 Ala. 193.

The case of *Tinkcom* v. *Lewis, supra,* is strongly in point. In that case the right to redeem was asserted by the holder of a sheriff's certificate, and it was held that he must show, by affidavit, the amount of his claim.   It was said by the court, in speaking of the provision of the statute requiring the statement of the amount of the lien, that " The object of this requirement is to provide the evidence whereby a junior creditor may know the amount necessary to be paid to the senior creditor upon a redemption from him."

It is evident to our minds that whatever view may be taken of the matter, or whatever section of the redemption statute may be applied to the case, it must be held that the requirements of the statute as to the statement of the amount and date of the lien has not been complied with, and that the attempt of the appellants to redeem was ineffectual.

A question as to the validity of the act of 1881 arises upon the contention that, as the mortgage of the appellee was executed at a time when the law required redemptioners to pay ten *per centum* interest, the subsequent reduction of the rate of interest to eight *per centum* is in violation of the provision of the Constitution forbidding the enactment of any law impairing the obligation of contracts.   The mortgage of the appellee undoubtedly constituted a contract, and it is quite clear that the Legislature could not enact any law which impaired its obligation.   *Helphenstine* v. *Meredith,* 84 Ind. 1 ; *McGlothlin* v. *Pollard,* 81 Ind. 228 ; *Parkham* v. *Vandeventer,* 82 Ind. 544 ; *Lease* v. *Owen Lodge,* 83 Ind. 498.   But this principle does not settle the question which confronts us here, for the question here is whether the right to redeem is part of the contract or is matter affecting the remedy only.   It may well be conceded that an estate in land can not be enlarged or decreased to the injury of a

mortgagee and yet, not follow that it is not within the constitutional power of the Legislature to change the law providing the terms upon which a redemption from a foreclosure sale may be made. The precise question here presented may be decided, as is evident from what has just been said, without touching the rule laid down in the cases cited. We, therefore, lay out of consideration those cases without further comment and proceed to an examination of the cases which do bear directly upon the question.

In *Scobey* v. *Gibson,* 17 Ind. 572, it was held, by a divided court, that the redemption law of 1861 was, in so far as it applied to contracts made before its enactment, in conflict with the Federal Constitution. The decision was placed entirely upon that ground, and if that ground has fallen away the decision must go down, so that our inquiry must be whether the foundation has been taken from under that decision. This has been done in the case of *Davis* v. *Rupe,* 114 Ind. 588, for that case, in effect, overrules the earlier.

It is, however, to be said of the decision in *Davis* v. *Rupe, supra,* that it leaves open the question as to whether, as against a mortgagee, the right of redemption can be materially changed by a statute enacted subsequent to the execution of the mortgage.

The case of *Travellers Ins. Co.* v. *Brouse,* 83 Ind. 62, is discriminated from the case where no mortgage rights were involved, but the line of reasoning pursued leads to the conclusion that even as against a mortgagee a change may be made in a statute providing for the redemption of land sold upon a decree of foreclosure. The question, as it is here presented has, however, been expressly decided by the Supreme Court of the United States. In the case of *Connecticut, etc., Ins. Co. Cushman,* 108 U. S. 51, it was held that a statute reducing the rate of interest from 10 per cent. to 8 per cent. was not in conflict with the Constitution. We feel bound to follow the decision of that court, since with it rests the ultimate decision of such questions as the one before us. It is proper to say

that if the statute had assumed to reduce the rate of interest below that which the contract evidenced by the mortgage entitled the mortgagee to demand, we should be inclined to hold that there was an impairment of a contract obligation; but we have no such case before us. It is important to keep in mind that when the mortgage to McCabe was executed there was a redemption law in force, and that there was simply a change in that law; so the case is unlike one where there was no redemption law in existence when the mortgage was executed.

Our ultimate conclusion upon this point is that the trial court correctly held that the sum paid to the clerk by the appellant was sufficient. But as our conclusion is against the appellants upon the question of the efficacy of their attempt to redeem, we must adjudge that the finding of the trial court is right, and that the motion for a new trial, for cause, was properly denied.

There remains for consideration the question presented by the ruling denying the appellants' motion for a new trial as of right. The counter-claim of the appellee presented for decision the question of title to the land in dispute. The theory on which his pleading proceeds, and on which he obtained a decree, is that he had a fee simple title. To that theory he must be held. The appellants were held to it in the trial court, for the issue tendered was adjudicated against them. It is provided in the decree, among other things, that " It is ordered, adjudged, and decreed, that said title in fee simple of said James McCabe be and the same is hereby quieted against all claims and rights of the plaintiff in and to the same." This is an adjudication that McCabe is possessed of the highest title known to the law, and it is moreover the title he asserted in his counter-claim. It is impossible, under our decisions, to avoid the conclusion that the court erred in overruling the motion for a new trial as of right. *Kreitline* v. *Franz*, 106 Ind. 359; *Gullett* v. *Miller*, 106 Ind. 75 (78); *Hammann* v. *Mink*, 99 Ind. 279; *Physio-*

*Medical College* v. *Wilkinson*, 89 Ind. 23; *Cooter* v. *Baston*, 89 Ind. 185, and cases cited.

Judgment reversed, with instructions to sustain the appellants' motion for a new trial as of right.

Filed March 11, 1891.

## ON PETITION FOR A REHEARING.

McBRIDE, J.—The appellants ask for a rehearing and for a modification of the opinion in so far as relates to the sufficiency of the application to redeem from the McCabe sale. In the original opinion it is held that the application to redeem is made in the character of lien-holder, and that the sufficiency of the application must be determined by section 772, R. S. 1881.

The application in this case was by the holder of a sheriff's certificate, and more than two years after the expiration of the year allowed for redemption from the sale. The appellants insist that after the expiration of the year for redemption they were no longer mere judgment creditors or lien-holders, but had by such lapse of time become the equitable owners of the land, and as such entitled to redeem under section 768, R. S. 1881. Although the time for the redemption of the land from the sale had long expired, it does not appear that there had been any demand for a deed.

Appellants' position is that this was not necessary to entitle them to redeem under that section, but that their rights as lien-holders terminated with the expiration of the year, and then enlarged and ripened into "an equitable estate in the lands." They say, that "One who has such rights and interest in lands that he has the legal right to call for a deed, is the equitable owner of such lands."

The appellants are right in asserting that with the expiration of the year allowed for redemption the holder of a sheriff's certificate for land sold on execution or decretal order does acquire an equitable estate in the property. *Ketchum* v. *Schicketanz*, 73 Ind. 137.

It does not follow, however, that he is, by reason of that fact alone, entitled to redeem under section 768. That section provides for redemption by the owner or his executors or administrators, or by his heirs or devisees, or by "any one holding either *the legal or equitable title.*" There is a very plain and marked distinction between an estate in lands and a title to lands.

The appellants were the owners of an equitable *estate* in the land in controversy, but, to entitle them to redeem under section 768, they were required to hold either a legal or an equitable title.

An estate in land is the degree, quantity, nature or extent of interest which a person has in it. Bouvier Law Dict.; Co. Litt., section 347; 2 Bl. Com. 103; 2 Crabb Real Prop., part 2, section 942; Preston Est. 20; Black Law Dict.; 1 Washb. Real Prop., marg. p. 45, *et seq.*

His title to it is the evidence of his right or of the extent of his interest; the means whereby the owner is enabled to assert or maintain his possession; the right of the owner, considered with reference either to the manner in which it has been acquired, or its capacity of being effectually transferred. Black Law Dict.; Rap. & Law. Dict.; Co. Litt. 345; 2 Bl. Com. 195.

The distinction between the two is discussed and plainly shown in the first eight sections of chapter 3, 1 Washb. Real Prop.

Unless, therefore, the appellants had, in addition to their equitable interest, or estate in the land, a title, they could not redeem under section 768.

Had they title? If so, when and how was it acquired? Not by the sheriff's sale, or by the sheriff's certificate. In *Hasselman* v. *Lowe,* 70 Ind. 414, cited in the original opinion, it is said: " The sheriff's certificate of sale does not convey a title to the land sold, but simply an obligation upon which a title may be obtained, after the expiration of a year from the sale, unless the land is redeemed within that time."

In *Neff* v. *Hagaman*, 78 Ind. 57 (62), it is said : "The title of the judgment debtor continues until the year for redemption has expired."

In *Taggart* v. *McKinsey*, 85 Ind. 392, it was held that after the expiration of the year allowed for redemption, notwithstanding the *right* to redeem no longer exists, and the holder of the certificate has a right to demand and receive a deed, he may allow redemption from the sale. The court says : "The appellant had the right to accept such redemption money, if he chose so to do, after the expiration of one year from the date of the sheriff's sale ; and if he did so, as alleged, the redemption would be as full and complete, and have the same consequences, if the sheriff's deed had not been executed, as if the redemption had been made within the year allowed by law therefor. The certificate of sale would be thereby annulled, and the sheriff's deed, subsequently executed on such certificate, would be void and of no effect." Page 395.

This could not be true if the title passed when the year for redemption expired. The effect of redemption is not to transfer title, but to prevent its passing. As long as redemption is possible the title remains in the judgment debtor, and redemption simply leaves it there. If the title actually passed to the holder of the certificate, with the expiration of the year for redemption, it could only be divested by a conveyance.

In our opinion, the title not only remains in the judgment debtor until the *right* of redemption is lost, but until the *power* to redeem no longer exists. The power to redeem only ends when the holder of the certificate demands a deed.

The holder of a sheriff's certificate, who has taken no steps to obtain a deed, is no more than a lien-holder, regardless of the time which has elapsed since the sale. The expiration of the year allowed for redemption enlarges his rights, in this : That to his lien *on* the land is added an

equitable interest *in* the land, which his act alone may ripen into a title. His right to a deed, instead of being contingent upon the action of others, has become absolute, and depends solely upon his own action. If he has done nothing to waive his right, no act of another can thereafter, without his consent, deprive him of it, as might have been done by redemption before that time.

If he exercises his right, and demands and receives from the sheriff a deed, he thereby acquires a legal title. If, being entitled to a deed, his demand is refused, still, by virtue of his demand, he becomes the owner of an equitable title. This, because equity will regard as done that which should be done, and if he had a valid right to a deed, and has taken the necessary steps, and made a proper demand, equity will treat as actually made the deed which should have been made. Viewing him as the holder of an equitable title, it will lend its aid in the enforcement of his rights, and will even quiet his title. *Stout* v. *Duncan*, 87 Ind. 383.

He would have no standing, however, in a suit to recover the land, or quiet his title, if he had taken no steps to obtain a sheriff's deed.

When the appellants attempted to redeem, they had the right to redeem in either character, and under either section of the statute. As holders of the sheriff's certificate, they were entitled to redeem as lien-holders. If, however, they wished to redeem as holders of a title, they could do so by first demanding of the sheriff a deed on their certificate. If he complied with their request, and executed the deed, they could redeem as the holders of a legal title. If he refused, they could show that fact, and redeem as holders of an equitable title. Having elected to redeem as lien-holders, they could only do so by complying with the requirements of section 772 *supra*. This they did not do.

Petition for rehearing overruled.

Filed Jan. 13, 1892.

Robertson *et al. v.* Van Cleave *et al.*

### DISSENTING OPINION.

OLDS, J.—I do not concur in the theory that both the legal and equitable title continues in the judgment debtor after the expiration of the year for redemption, and until the deed is issued or a demand made for a deed. I believe when the year for redemption expires the equitable title vests in the owner of the certificate of purchase, and after that time, and before deed issues, he has a right to redeem as an equitable owner. I do not think the authorities cited in the opinion overruling the petition for rehearing support the conclusion reached. The case of *Taggart* v. *McKinsey*, 85 Ind. 392, is not antagonistic to my views. If the holder of the certificate permitted a redemption after the expiration of the year and before deed issued, and accepted the money, it would divest him of his equitable title, or at least estop him from taking out a deed and recovering the real estate, and no re-conveyance would be necessary. The case of *Neff* v. *Hagaman*, 78 Ind. 57, is not in conflict with my views. I admit that during the year for redemption title does not pass. While it remains but a lien, and the judgment debtor is the owner, he has the right to redeem, but at the expiration of the year it becomes more than a lien—the holder of the certificate becomes the equitable owner, and the judgment debtor has no right to redeem. The legal title passes when the deed is executed.

In my opinion a rehearing ought to be granted.

Filed Jan. 13, 1892.