### MILLER *v.* VOLLMER, TREASURER, ET AL.

[No. 18,942. Filed May 23, 1899.]

TAXATION.—*Sheriff's Certificate of Purchase.*—Under the tax statute of 1891, as amended by the act of 1895 (§§6316, 6318 Horner 1897), the certificate of purchase issued upon a sheriff's sale is subject to taxation during the period of redemption, though there was no redemption, and the holder of the certificate was compelled to pay the taxes against the real estate for the same period. *pp. 27-29.*

SAME.—*Listing Omitted Property Without Notice.—Injunction.*—The placing of omitted property upon the tax duplicate by the county auditor, without the notice required by §6409 Horner 1897, is no ground for enjoining the collection of the taxes, where none of the substantial rights of the taxpayer is shown to be prejudiced. *p. 30.*

From the Knox Circuit Court. *Affirmed.*

*W. A. Cullop* and *C. B. Kessinger*, for appellant.

*W. H. Pennington* and *B. M. Willoughby*, for appellees.

JORDAN, C. J.—The following is a summary of the material facts disclosed by the complaint in this action: Appellant is a voter and a taxpayer residing in the city of Vincennes, Knox county, Indiana, and appellees are the treasurer and auditor of that county. In the month of March, 1896, appellant purchased at sheriff's sale certain real estate situated in said county for $2,360, and received from the sheriff upon the sale, as provided by law, a certificate of purchase of that amount. He was the holder and owner of this certificate on April 1, 1896. The land so sold to appellant was not redeemed within the year allowed by law for redemption; and, after the expiration of that period, and before the 1st day of April, 1897, appellant received a sheriff's deed conveying to him the land under said sale, and he be-

came, and is, the owner of the premises in question. Appellant failed to list this certificate of purchase for taxation for the year 1896, but the same, it is alleged, was by the assessor and county auditor of Knox county placed upon the duplicate for taxation for that year, without any notice being given to appellant, and taxes thereon assessed to the amount of $58.76, which it is alleged are now due, and will become delinquent on the third Monday in May, 1897. Appellant, after he received the sheriff's deed to said land, was, in order to protect his title thereto, compelled to pay the taxes assessed against it for the year 1896. He has paid all taxes except those assessed upon said certificate. An injunction is sought, under these facts, to prevent appellees from enforcing against appellant the collection of the taxes assessed upon said certificate, and the court is asked to direct that appellees cancel and eliminate these taxes from the duplicate. There is nothing in the complaint disclosing whether the land was sold under a decretal order or upon execution, and we consider the case on the supposition that the sale was upon execution.

A demurrer was sustained to the complaint, and the principal question presented is, was the sheriff's certificate, under the facts alleged, subject to taxation for the year 1896, and is appellant liable to the payment of the taxes assessed thereon? The contention of appellant is that, if he pays the taxes assessed on the amount of money expressed in the certificate as the purchase price of the land sold at the sheriff's sale, then he will be subjected to duplicate taxation on the same investment, as he has already been compelled to pay the taxes assessed against the land sold, for 1896. It is also insisted that the failure to notify appellant of the action of the officials mentioned, in placing this certificate upon the tax duplicate as omitted property for the year 1896, rendered the assessment of taxes thereon void, and that the collection thereof, for this reason alone, ought to be enjoined.

That money invested in a certificate of purchase issued

upon a sheriff's sale is, by our revenue laws, made subject to taxation, cannot be successfully controverted. See §48 of the tax statute of 1891 (§6316 Horner 1897) and §50, as amended by the act of 1895 (Acts 1895, p. 23, §6318 Horner 1897). By item six of the form of the tax schedule required by the last mentioned section for the listing by a taxpayer of his personal property and credits, "all money invested in certificates of purchase at sheriff's sales" is expressly designated as a credit to be listed and returned for taxation. In *State, ex rel.*, v. *Halter*, 149 Ind. 292, this court held that tax certificates, under this statute, were taxable.

There is no force in the insistence of appellant that, if he is required to pay the taxes assessed upon the certificate in dispute, he will thereby be subjected to duplicate taxation upon the same property held by him on the 1st day of April, 1896. The sheriff's sale, and the certificate of purchase issued in pursuance thereof, did not pass to appellant title to the land. He purchased it subject to the right of the owner to redeem as provided by the statute in relation to the redemption of lands sold at sheriff's sales. The owner was entitled to the possession of the land for one year after the sale, and also had the right to redeem it from such sale at any time within that period. §§767, 768 R. S. 1881, §§779, 780 Burns 1894, §§767, 768 Horner 1897. His title to the land continued until the expiration of the redemption period, which, as it appears, was some time in March, 1897. After this time, there being no redemption, it seems the sheriff executed a deed to appellant, whereby the title to the land was conveyed to him and he became the owner thereof.

The sheriff's certificate cannot be considered, as counsel for appellant contend, a chattel real, or as representing an interest in the real estate sold. It conveyed no title to the land. It was but the evidence of a lien thereon, or rather, an obligation upon which appellant, after the expiration of the year allowed for redemption, in the event there was none within

that period, could obtain title to the premises by means of the sheriff's deed. *Brown* v. *Cody*, 115 Ind. 484; *Neff* v. *Hagaman*, 78 Ind. 57; *Goss* v. *Meadors*, 78 Ind. 528; *Elston* v. *Castor*, 101 Ind. 426, 51 Am. Rep. 754; *Robertson* v. *Van Cleave*, 129 Ind. 217, 15 L. R. A. 68; *Jewett* v. *Tomlinson*, 137 Ind. 326; *World Building, etc., Co.* v. *Marlin*, 151 Ind. 630.

It is evident, under the facts, when tested by the authorities cited, that on April 1, 1896, appellant was not the owner of the land, nor had he any interest therein, except the lien thereon by virtue of the sheriff's certificate, and consequently the land was not taxable against him for the tax year beginning April 1, 1896. The person invested with the title to the land, at the time of the sheriff's sale, the law regards as liable for the taxes assessed against the same during the year allowed for redemption, provided he continues to be invested with such until April 1st of that year. By §28 of the tax law of 1881 (§8438 Burns 1894), it is expressly provided that, in cases of mortgaged real estate, the mortgagor, for the purpose of taxation, shall be deemed to be the owner until the mortgagee shall have taken possession of the mortgaged premises. It is true that, when the lien for taxes once attaches to land, it will be subject thereto in the hands of whomsoever the title may thereafter pass. The liability for taxes on property, under the laws of this State, terminates only with payment. *Beard* v. *Allen*, 141 Ind. 243, and cases there cited. By paying the taxes assessed against the land for the year 1896, appellant discharged, not an obligation or duty of his own, but one which rested upon the person who owned and held the land on April 1st of that year. The amount of money expressed in the certificate upon which the taxes in dispute were assessed did not represent the land, under the circumstances, but represented simply the amount of money invested in the certificate, and applied by the sheriff in satisfaction of the judgment under which the sale was made. So far as paying taxes on the

amount of the certificate is concerned, appellant may be said in this respect, at least, to occupy the position of the owner of the judgment before the sale thereunder was made. There could be no question but what this judgment was subject to taxation, and likewise the real estate upon which it was a lien. While it may be considered a hardship for appellant to pay and discharge the tax obligation of another, in order to protect the title conveyed to him by the sheriff's deed, still this in no manner can be available to exempt him from paying the taxes assessed on the certificate in controversy.

It appears that he owned and held the certificate on April 1, 1896. He failed to list and return it for taxation for that year. It was, it seems, placed on the tax duplicate, and assessed by the officials charged by the law with assessing omitted property. There is no claim made that the certificate was assessed for taxation for more than its true value, as contemplated by law. It, as we have held, was clearly subject to taxation in the hands of appellant for the year 1896 and ought to have been listed by him for that purpose. The mere fact, under the circumstances, that he was not notified, as provided by §142 of the tax statute (§8560 Burns 1894), to appear and show cause, if any, why this certificate ought not to have been placed on the tax duplicate for assessment, will not, alone, entitle him to the equitable relief which he seeks in this action. It does not appear, under the facts, that the failure to give this notice has in any manner tended to prejudice him in any of his substantial rights. Hence, he is not in a position to ask and be awarded an injunction to prevent the collection of the taxes in controversy. *Saint* v. *Welsh*, 141 Ind. 382; *Reynolds* v. *Bowen*, 138 Ind. 434; *Hunter Stone Co.* v. *Woodard*, 152 Ind. 474. There is no error, and the judgment is therefore affirmed.