## FROMM ET AL. *v.* LAWRENCE ET AL.

[No. 4,021. Filed February 20, 1902.]

JUDGMENT.—*Quieting Title.—Sheriff's Certificate.—Deed.*—In a suit to quiet title defendant filed a cross-complaint setting up a sheriff's certificate to the land in controversy, and the court found that plaintiffs were the owners of the land and entitled to have their title quieted; that the land was subject to the lien of the sheriff's certificate held and owned by defendants, and adjudged and decreed that as against all of the defendants, except as to liens of the defendants as set forth, the plaintiffs' title to the real estate be forever quieted, and that "defendants, and all persons claiming through or under them to said real estate or any part or parcel thereof or any interest therein are hereby forever enjoined and restrained from setting up or asserting any such claims;" that the sheriff's certificates were liens on the land and that the liens should not be devested or affected by such proceedings, and that said real estate is subject to such liens. *Held*, that such decree did not prevent defendants from asserting title to the land under sheriff's deed thereafter executed.

From Marshall Circuit Court; *T. E. Howard*, Special Judge.

Suit by Elsie W. Fromm and others against John K. Lawrence and others, for the possession of real estate. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*I. Conner, J. Rowley* and *S. Parker,* for appellants.

*C. Kellison* and *C. P. Drummond,* for appellees.

Robinson, P. J.—Appellants sued for possession of certain lands and to quiet their title thereto. On April 22, 1882, Nicholas W. Galentine conveyed the land, about 370 acres, to Emma Galentine, his wife, and to Allen S., and Norris D. Galentine, and on the same date all three parties conveyed the land, by deeds, to appellees, who took and have continued in possession. In 1885 appellees sued Frederick Graeber, administrator of the estate of John F. Fromm, deceased, the unknown heirs of John F. Fromm, deceased, and other parties, to quiet their title. Graeber, as administrator, answered that complaint in two paragraphs, one of which was the general denial, and also filed a counterclaim or cross-complaint alleging that prior thereto he had brought his action asking judgment on certain notes executed by Nicholas W. Galentine, and asking to set aside, as fraudulent, a conveyance of the land in question, making Galentine, and his grantees, other than appellees in this action, parties defendant; that on January 11, 1883, he recovered a judgment against Galentine for $1,500 and a decree setting aside the conveyances, in which decree the land was ordered sold by the sheriff to satisfy the judgment; that action was commenced prior to the execution of appellees' deed, and that the lien of the judgment was older and paramount to appellees' title; that on March 3rd, the land was sold by the sheriff, and bid in by Graeber, for $1,500, and a certificate of sale issued to him; that there had been no redemption, and that he held the sheriff's certificate for the land now in suit, and asked that the court decree and hold that the certificate above mentioned be a valid and subsisting lien upon the land, and that the same was prior and paramount to the plaintiff's title thereto, and all other proper relief. Appellees answered the cross-complaint by general denial. The issues thus made in that case were submitted to the court for trial, and the court, as shown by the

bill of exceptions, found for appellees; that they were the owners of the land and entitled to have their title quieted; that the land was subject to the lien of Graeber, administrator; that his judgment was rendered January 11, 1883, in an action begun March 21, 1882, and that the lien of his judgment related back to the date of the filing of his action; that Graeber caused an execution to be issued, and the sheriff, on March 3, 1883, made sale thereon, and issued to him a certificate of purchase for $1,465.69; that the lien of the certificate of sale related back to March 21, 1882. The court further found that as to three and thirty-four one hundredths acres of the land, the same was, on an execution issued in 1882, sold by the sheriff on May 20, 1882, to Graeber, administrator, "for the sum of —— dollars." The court also found that a lien existed in favor of another defendant in that action. Upon the finding, "it is considered, adjudged, and decreed that as against all the defendants herein, except as to liens of the defendants as above set forth, the plaintiff's title to the real estate described in the complaint, to wit (describing the lands described in the complaint in this action), be, and the same is forever quieted in the plaintiffs, and the defendants, and all persons claiming through or under them, to said real estate, or any part or parcel thereof, or any interest therein, are hereby forever enjoined and restrained from setting up, or asserting any such claims, and that they recover their costs, taxed at —— dollars.   * * *   And it is further ordered, adjudged, and decreed by the court that the two sheriff's certificates now held and owned by the said defendant, Frederick Graeber, administrator of the estate of John F. Fromm, deceased, one dated May 20, 1882, recorded at page 33, and one dated March 3, 1883, recorded at page 69, both on *Lis Pendens* record number three of this court, for sales made on judgments in favor of said Graeber, as such administrator, against said Nicholas W. Galentine and others, are liens on the respective parcels of lands described in such certifi-

·cates, prior to the title of said plaintiffs, and that the liens ·of said certificates shall not be devested or affected by these proceedings, and that said real estate is subject to said liens." This judgment was rendered June 16, 1886, was not appealed from, but remains in full force and effect. On October 16, 1894, the sheriff of Marshall county executed a deed to Frederick Graeber to the land in controversy.   On March 22, 1895, Frederick Graeber, administrator of the estate of John F. Fromm, deceased, and Margaret Graeber, his wife, executed a quitclaim deed, to the same lands, to appellants in this action who are the heirs at law of John F. Fromm, de·ceased.   To appellants' action appellees pleaded the ·proceedings and decree rendered in the suit of appellees against Graeber, administrator, and others, begun in 1885, and upon the legal effect of that decree rests the question as to the correctness of the court's finding and judgment in appellees' favor in this case.

It seems that three and thirty-four one hundredths acres of the land was sold May 20, 1882, and a sheriff's deed executed to Graeber May 21, 1883; but that all the land, including the three and thirty-four one hundredths acres, was sold March 3, 1883, and a sheriff's certificate issued on that day; and that in the suit begun in 1885, by the appellees in this suit, Graeber was relying entirely upon the sheriff's certificates to the land and was not claiming any interest in or title to any part of the land by virtue of any sheriff's deed.

A sheriff's certificate of the sale does not convey to the purchaser the title to the land sold.   Until the year for redemption has expired the title of the judgment debtor remains.   During that year the holder of the certificate can ·claim nothing except to be repaid the amount of his bid with statutory interest. *Neff* v. *Hagaman*, 78 Ind. 57; *Hasselman* v. *Lowe*, 70 Ind. 414; *Elston* v. *Castor*, 101 Ind. 426, 51 Am. Rep. 754; *Goss* v. *Meadors*, 78 Ind. 528; *Elston* v. *Piggott*, 94 Ind. 14; *Felton* v. *Smith*, 84 Ind. 485;

*Brown* v. *Cody*, 115 Ind. 484; *Shirk* v. *Thomas*, 121 Ind. 147, 16 Am. St. 381.

It is true that when Graeber pleaded the certificates, the year for redeeming had passed. But the title still remained in the judgment debtor. The Supreme Court has held that "the holder of a sheriff's certificate, who has taken no steps to obtain a deed, is no more than a lien holder, regardless of the time which has elapsed since the sale." *Robertson* v. *Van Cleave*, 129 Ind. 217, 233; *Hasselman* v. *Lowe*, 70 Ind. 414; *Neff* v. *Hagaman*, 78 Ind. 57.

The court in its decree in that action did not decree that Graeber had a lien on the land in any amount because of any prior judgment or sale, but decreed that the certificates were liens and that the "liens of said certificates" should not be affected by those proceedings. It is true the court states that Graeber is restrained from setting up or asserting any such claim, but this could be effective only upon the theory that the certificates could not be effective as such. And when the court held that the certificates were liens and that the liens of the certificates should not be affected, he did hold that the certificates were valid and effective as such. Being valid and subsisting liens, as certificates, the law fixes their value and force. The certificates might, for some reason, have been irregular, and the court might still have declared a lien in the holder's favor. But it did not do that. The court having declared the character of the lien and the law having fixed its value as such, that value could not be abridged by a further order of the court. When Graeber pleaded the certificates he pleaded a right the law had given him. He was not required to ask a court to enforce that right for him. The law had already given it to him. Nor could a court require him at any particular time to assert such right. He was not required, when brought into court, to choose between remedies. He had previously pursued a remedy which resulted in declaring, in his favor, a right. Having a valid certificate, he had a right which he

·could assert at any time. And he alone might determine when he should assert it. He might prefer, after the year for redemption, to postpone the acceptance of a deed. The rights of no one could be injured or prejudiced by his choosing to do so. He might allow redemption after the expiration of the year. *Taggart* v. *McKinsey*, 85 Ind. 392; *Robertson* v. *Van Cleave*, 129 Ind. 217.

As we construe the decree in question it did not abridge the rights of the holder of the certificates. He might thereafter present them to the sheriff and receive a deed. The ·question as to what equities, if any, might prevail against ·such a deed seems, from the bill of exceptions, not to have been presented.

Judgment reversed.