GOVERNMENT BUILDING & LOAN INSTITUTION
*v.* RICHARDS.

[No. 4,524. Filed November 24, 1903.]

MORTGAGES.—*Foreclosure.*— *Taxes During Year of Redemption.*—*Payment by Purchaser.*—*Lien.*—The holder of a sheriff's certificate of sale can not, during the year of redemption, pay the accruing taxes on the land so sold and thereby obtain a lien on the land for the amount of the taxes paid.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by George Richards against the Government Building & Loan Institution. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Hart & Jackman* and *W. H. Latta,* for appellant.

*J. S. Branyan, Milo Feightner* and *Sommers & Kennerk,* for appellee.

HENLEY, C. J.—The only question presented by this appeal arises out of the ruling of the trial court in overruling the demurrer to the complaint.

Appellee was the plaintiff below. The material averments of his complaint were: That appellant is an Indiana corporation; that one Tenninge was, on the 1st day of November, 1895, the owner of certain real estate in Huntington county, Indiana, which the complaint particularly describes; that on the 12th day of November, 1895, the said Tenninge executed a mortgage on said real estate to the Robinson Manufacturing Company of Richmond, Indiana, which mortgage was duly recorded in mortgage record 41, page 80 of the mortgage record in the recorder's office of said county; that said mortgage was foreclosed, and the sale of said real estate ordered thereunder; that appellee held a mortgage on the same premises, executed on the 15th day of June, 1896, to secure the payment of $1,300, and was made a defendant to the action commenced by the Robinson Manufacturing Company, and at the sheriff's sale made on the 22d day of May, 1898, this appellee purchased said real estate, and on said day received a certificate of purchase thereof from the sheriff of said county; that on the 22d day of May, 1899, the appellee demanded of the sheriff a deed for said real estate, and said sheriff executed to him a deed for said real estate; that said deed is wholly inoperative and void, for the reason that appellant, prior to the expiration of the year of redemption, paid into court the amount of appellee's judgment; that to preserve and protect the security of his lien represented by his certificate of purchase, he did, in the month of May, and after the certificate of sale was issued to him, pay the taxes on said real estate, amounting to $62,

and in the following year, prior to the expiration of the year of redemption, he paid other taxes thereon to the amount of $24; that all of said taxes so paid by him were assessed against and were a lien upon said real estate, as appeared by the tax duplicate in the treasurer's office in said county; that copies of such tax receipts are filed with and made a part of the complaint; that appellant is the owner of the said real estate, having received a deed therefor from the said Tenninge; that the taxes paid by appellee are a lien upon said real estate, and that appellant has derived and received all the benefit from appellee's payment. Appellee asks that he be subrogated to the rights of the State of Indiana in its lien for taxes, and that he have judgment for $100 and interest, and a foreclosure of the lien, and an order of sale of the real estate to satisfy such lien.

The demurrer to the complaint having been overruled, appellant refused to plead further, and judgment was thereupon rendered against appellant in the sum of $106.64, and declaring the same a lien upon the real estate, and ordering it sold to satisfy the lien and costs. The question presented by the demurrer to the complaint is whether or not the holder of a certificate of sale issued by a sheriff can, during the year for redemption, pay the accruing taxes on the land so sold, and thereby obtain a lien upon the premises for the amount of the taxes so paid.

The holder of a sheriff's certificate of sale is not a lien holder within the meaning of §8595 Burns 1901, such as to entitle him to pay the taxes on the land described in his certificate and add the amount of the taxes to the amount which would be necessary for a redemptioner to pay into court for the purpose of redeeming from the sale by virtue of which the certificate was issued. A sheriff's certificate of sale of real estate conveys no title; it is an obligation only upon which title may be obtained by the holder there-

of if the land is not redeemed.  *Hasselman* v. *Lowe,* 70 Ind. 414.

The holder of the certificate has no claim or right, during the year of redemption, other than to be repaid the amount of his bid, with the legal rate of interest added. *Bodine* v. *Moore,* 18 N. Y. 347; *Neff* v. *Hagaman,* 78 Ind. 57; *Brown* v. *Cody,* 115 Ind. 484; *Robertson* v. *Van Cleave,* 129 Ind. 217.  He is a mere lien holder, without any title, either legal or equitable, until he has received a deed from the sheriff.  *Robertson* v. *Van Cleave, supra,* and cases cited.

The case of *Semans* v. *Harvey,* 52 Ind. 331, is strongly in point here.  The Supreme Court in that case by Downey, C. J., said:  "It seems to be settled that the mortgagee may pay taxes on the premises, prior to foreclosure, to preserve the security, and, in such case, have the same allowed to him in the judgment as a part of his claim against the mortgaged premises.  This is no more than he may do as to any other valid prior encumbrance, which is necessary for him to pay in order to preserve his security. [Citing cases.]  But not having taken this course, but having purchased the land with the encumbrance upon it, it may be presumed that he took the encumbrance into account in determining the amount which he would pay, and that he bought the land with the understanding that he would have to discharge the encumbrance in addition to the amount bid by him at the sale of the premises."

The lien represented by appellee's certificate of sale was the lien of the judgment upon which the sale was made to him.  *Robertson* v. *Van Cleave, supra.*  There is no way by which appellee can tack the amount of the taxes paid by him, after the sale and before the year of redemption has expired, to the amount of his lien as represented by the certificate of sale.  The taxes so paid must be regarded as voluntarily paid by him, and as such not recoverable.  *Mc-*

*Crossen* v. *Harris,* 35 Kan. 178, 10 Pac. 583; *Nopson* v. *Horton,* 20 Minn. 268; *Raynsford* v. *Phelps,* 43 Mich. 342, 5 N. W. 403, 38 Am. Rep. 189.

The judgment is reversed, with instruction to the trial court to sustain appellant's demurrer to the complaint.